MARIA PORTNER v. JOHN WILFAHRT and Others.[1]

December 20, 1901.

Nos. 12,753—(126).

## Bond—Payment on Demand—Statute of Limitations.

In a bond of date May 21, 1885, given by a son for the maintenance of his father and mother during the remainder of their natural lives, both being named as obligees, the son covenanted and agreed, among other things, "to pay and give on demand" to his father the sum of $300, with interest at the rate of seven per cent. per annum from January 1, 1887. The father died June 24, 1900, without having demanded payment of the money. His widow was appointed administratrix of the estate, and made demand for payment on January 1, 1901. *Held*, that the cause of action, as stated in the complaint, is not barred by the statute of limitations, and that payment of the amount due can be enforced under the rule laid down in Horton v. Seymour, 82 Minn. 535.

Appeal by defendant from an order of the district court for Brown county, Webber, J., overruling their separate demurrers to the complaint. Affirmed.

*Jos. A. Eckstein* and *W. T. Eckstein*, for appellants.

*Hoidale & Somsen*, for respondent.

COLLINS, J.

On May 21, 1885, Johann Portner, now deceased (his wife, Maria Portner, joining him in the deed), conveyed his farm to his son Andrew Portner, one of the defendants, and in consideration therefor received from the latter a bond, payable to said Johann Portner and Maria Portner, "or their assigns, or each of them," to secure maintenance for life for each, with a further provision that certain cash payments should be made to other children. This bond provided, among other things, for the payment of a certain

[1] Reported in 88 N. W. 418.

sum of money to each obligee, and the conditions thereof were made a specific lien on the land. The payment of the sum separately reserved to Johann Portner, being $300, with interest at seven per cent. from January 1, 1887, was not demanded until after his decease, on June 24, 1900, intestate. On February 18, 1896, Andrew Portner sold and conveyed the farm to the defendant John Wilfahrt, subject to the said bond for maintenance, which was of record.

On August 27, 1900, the widow, Maria Portner, was appointed administratrix of the estate of her deceased husband. In her representative capacity she then demanded payment of the amount reserved in said bond for said Johann Portner, and, payment being refused, brought this suit, as administratrix, to recover from the defendants the amount so reserved, demanding a foreclosure of the bond to enforce such payment. Each of the defendants generally demurred to the complaint, and, the trial court having filed an order overruling said demurrers, appealed therefrom. There are but two points which we need to consider on the hearing of this appeal.

1. It is the contention of defendants' counsel that a cause of action upon the agreement to "pay and give"—using the exact words of the bond—did not survive in favor of the personal representative of the deceased obligee. This contention is without merit. The cause of action set forth in the complaint arises on contract, and comes within the purview of G. S. 1894, § 5912. It did not die with the person, but survived to the personal representative of the deceased, the administratrix of his estate.

2. It is further argued by counsel for the defendants that upon the face of the complaint it clearly appears that the claim is barred by the statute of limitations, their position necessarily being that the sum of $300 became due and payable to Mr. Portner immediately upon the execution of the instrument, and a demand which is alleged to have been made more than fifteen years afterward was made too late to be available.

In matters of construction instruments of this character have always been placed in a class by themselves, the nature of the contract and the relationship of the parties being considered, and

the construction always of a liberal character, but it is evident that we can construe this one precisely as if the transaction had been between strangers, instead of between father and ·mother on the one side and a son on the other. The provision in the bond is that the son will "pay and give on demand" this sum of money, with interest from January 1, 1887,—something more than eighteen months subsequent to the date of the promise. This indicated the intent, and that it was not expected that this money was to be demanded or paid prior to the specified day. If not then paid, it was to commence to bear interest. It was undoubtedly thought that at some time in the future the father or mother might have occasion to use a part or all of this sum, and then desire to make it available. The words "on demand" were not used in the sense in which they usually appear in negotiable instruments, for it was intended and expected that a demand in fact should be made, and that such a demand alone could mature the obligation.

The language in Horton v. Seymour, 82 Minn. 535, 85 N. W. 551, is peculiarly appropriate to the facts here, and directly in point. It was there said: "Where it appears from a contract that it was the intention of the parties thereto that the money or claim which is the subject-matter thereof was to be paid upon a demand in fact, the statute of limitations does not begin to run until an actual demand for payment is made." See also Brown v. Brown, 28 Minn. 501, 11 N. W. 64; Branch v. Dawson, 33 Minn. 399, 23 N. W. 552; Easton v. Sorenson, 53 Minn. 309, 55 N. W. 128.

The demurrers were properly overruled, because from the complaint it appears that the statute of limitations was not set in motion until the demand, alleged to have been made January 1, 1901. We need not refer to other points made in support of the sufficiency of the complaint as stating a cause of action.

Order affirmed.