# CHARLESTON.

FLUHARTY v. FLUHARTY.

Submitted September 3, 1903—Decided December 12, 1903.

1. JURISDICTION—*Cancellation.*
    W. and M. his wife, conveyed to their two sons, T. and E.

| 54 | 407 |
| f65 | 578 |
| f65 | 579 |

their farm of 168 acres with general warranty, except that the grantees should pay to the grantors within sixty days from the delivery of the deed $100, each; in consideration that the grantees bind themselves to provide for and take care of the grantors during their natural lives respectively, "and to furnish them whatever necessaries they may need as it regards eatables or clothing, medical aid etc., and to furnish them a good nurse whenever they may need one and they depart this life to have them buried accordingly to the rules of civilized siciety" and it provided further that if the grantees should fail to perform any of their several agreements "when it is possible for them to do them, then this deed is to be null and viod and revert back to the said grantors with full possession. Said grantors hereby reserves possession of the above named land until the death of each. of them." *Held*: That a court of equity will take jurisdiction of a bill filed by the heirs of W. deceased, to set aside and cancel the conveyance for failure on part of the grantees to comply with the conditions of the conveyance. (p. 408).

Appeal from Circuit Court, Marion County.

Bill by Jesse Fluharty and others against Thornton Fluharty and others. Judgment for defendants, and plaintiffs appeal.

*Reversed.*

T. N. PARKS, for appellants.

C. POWELL and U. N. ARNETT, JR. for appellees.

MCWHORTER, PRESIDENT:

William Fluharty and his wife Meletha Fluharty by deed dated the 16th day of May, 1884, conveyed to Thornton Fluharty and Ellis Fluharty, in consideration that the said grantees would provide for and take care of the grantors during their respective lives and furnish them whatever necessaries they might need, as regarded eatables, clothing, medical aid etc., and to furnish them a good nurse whenever they might need one and at their death to have them "buried accordingly to the rules of civilized society," a tract of one hundred and sixty-eight acres of land lying on Lewellen's Fork of Flat Run, with general warranty, except that the grantees should pay to the grantors within sixty days from the delivery of the deed $100 each, and a further provision was contained in the deed that if the grantees should fail

to perform any of their several agreements "when it is possible for them to do them, then this deed should be null and void and revert back to the said grantors with full possession. Said grantors hereby reserve possession of the above named lands until the death of each of them."

William Fluharty died on or about the 9th day of November, 1893, intestate. On the 28th day of May, 1897, Ellis Fluharty conveyed to U. N. Arnett, Jr., and Charles Powell, in consideration of the sum of $2,000.00 paid in hand, the one undivided half of said tract of one hundred and sixty-eight acres. At the February rules 1900, Jesse Fluharty, Michael Fluharty and J. W. Fluharty filed their bill in equity in the clerk's office of the circuit court of Marion County against Thornton Fluharty, Ellis Fluharty and the other heirs at law of said William Fluharty, Meletha A. Fluharty, the widow, and U. N. Arnett, Jr., and Charles Powell, alleging that at the time of making said deed by the said William Fluharty and his wife, they were well advanced in years and growing feeble with age and unable physically to till and otherwise manage said land so as to make a livelihood for themselves; that they were almost wholly dependent on said land for support for themselves and had no investment that would bring an income and only possessed of such personal property as was necessary for farm operations and home comforts, worth not more than a few hundred dollars; that the controlling reasaon for making said deed was to secure to said vendors a home and support in their old age, and for that purpose said deed contained a provision to the effect that the grantees therein, the defendants, Ellis and Thornton Fluharty, agreed to provide for and take care of the grantors during their natural lives, respectively, and to make such provision for them as was set out in the deed and within sixty days they were to pay the grantors $100 each and if they failed to perform any of the agreements named in said deed when it was possible for them to do or keep them then the land was to revert back to the grantors with full possession thereof and the grantors reserved possession of said land until the death of each of them. The bill further alleges failure to comply with the conditions on the part of the grantees, Thornton and Ellis Fluharty in every particular and also filed with their bill a contract dated May 17, 1884, signed and acknowledged by the said William Fluharty and Meletha

Fluharty, his wife, reciting the conditions of the deed to be performed by the said grantees and also further agreeing on the part of said William Fluharty and his wife, that if for any unavoidable cause the parties of the second part should fail to perform the obligations and conditions contained in the deed so that it should be set aside then they agreed to make to each one of them, Thornton and Ellis, a deed for fifty acres of land, and alleging that the provisions in the contract to convey fifty acres of said 168 acres of the tract on conditions therein named was null and void, and could not be enforced for the reason that there was no consideration moving said William Fluharty to support such promise, and the further reason that said agreement to convey the fifty acres to each one of said parties was made on condition that said Thornton and Ellis fail for any unavoidable cause to perform the conditions thereof; that the failure to perform and keep the provisions of said deed and contract was not unavoidable, but was willful and without excuse in law or fact; that the land is valuable for farming purposes and is supposed to possess oil under the same, and is worth $35 to $50 per acre; that said deeds to Thornton and Ellis Fluharty and from Ellis to said Arnett and Powell were clouds on the title to said land, and that plaintiffs had right to come into a court of equity to have the same removed and that they were remediless in the premises save in a court of equity, and prayed that said deeds from William Fluharty and wife, to Thornton and Ellis Fluharty and said agreement between the same parties be declared null and void and wholly set aside and annulled, and that said deed from said Ellis Fluharty to U. N. Arnett, Jr., and said Powell be also set aside and annulled and the land be decreed to belong jointly to the several heirs at law of the said William Fluharty, subject to the dower interest of said Melatha A. Fluharty therein, and for general relief. The deeds and contract referred to were filed as exhibits with the bill. The defendants, Thornton Fluharty and U. N. Arnett, Jr., and Charles Powell, demurred to plaintiff's bill, which demurrer was sustained "and the plaintiffs not desiring to amend their bill it is further adjudged, ordered, and decreed that plaintiff's bill be, and is hereby dismissed" and further decreed for costs against plaintiffs, from which decree plaintiffs appealed.

Plaintiffs say that the court erred in sustaining the demurrer

to the plaintiff's bill and dismissing the same, and in holding that if a cause of action existed and accrued to petitioner's ancestor, William Fluharty, in his lifetime, the same did not survive his death so as to give the heirs at law the right to sue.

The only question here for consideration is whether or not the demurrer was properly sustained. The plaintiffs and appellants have filed no brief in the cause. Appellees have filed a brief and have argued pretty elaborately in support of the decree upon the theory that the bill is one for the removal of cloud upon the title and cite many authorities to show that one out of possession cannot maintain a bill in chancery to remove a cloud from his title against a claimant who may be in possession of the land. The bill does allege that the deed of William Fluharty and wife, to Thornton and Ellis Fluharty and the deed from Ellis to the defendants, Arnett and Powell are clouds upon the title to the said land and that the plaintiffs have a right to come into a court of equity to have the same removed; this will be regarded as surplusage. As it casts a shadow upon the title which a cancellation of the deeds would clear away, in that sense it would be the removal of a cloud from the title, but strictly speaking a bill to remove a cloud from title of one in possession only refers to an adverse title and not title derived from the same source.

The prayer of the bill is for the cancellation and declaring null and void, the agreement and the deeds mentioned. It is contended by appellee that this was a cause of action personal to William Fluharty and did not survive to his heirs. Here is an estate vested on condition to be divested on failure of vendees to comply with the conditions, and the bill alleges failure in every particular on the part of the vendees. Second Washburn on Real Prporety, 6 Ed., section 940, says: "The doctrine of estates upon condition seems to have been orginally derived from the feudal law and grew out of the conditions upon which fiefs were granted. If the tenant neglected to pay or perform his services the lord might resume his fief. It is upon this ground that conditions are held to be reserved to the grantor or his heirs only, and he and they alone can avail of the right of resuming the estate for a breach. And the grantor's remedy for such breach is by a resumption of the estate granted." And section 75, 1 Tiffany on the Modern Law of Real Property: "The right to take advantage of a condition subsequent belongs, at common law,

exclusively to the grantor or lessor and his heirs and he cannot reserve such right to others, even by express stipulation." And in note 544, to said section, it is said: "The heir of the grantor is entitled to avail himself of the benefit of the condition though he is not specially named in the reservation thereof." Citing *Bowen* v. *Bowen*, 18 Conn. 535; *Jackson* v. *Topping*, 1 Wend. (N. Y.) 388; 19 Am. Dec. 515. In the last mentioned case, (syl. pt 1), it is held: "Where a deed is made by a father to his son in consideration of a covenant on the part of the grantee to maintain the grantor and pay his debts, on condition that if he fails to do so the grantor shall have a right of re-entry, the grantee may insist upon having the justice of an alleged debt of the grantor established before paying it; but if he refuses to pay after it has been established by a board of arbitrators there is a breach of the covenant and condition in the deed." And it is further held in the syllabus of said case: "Where the grantee has conveyed the premises to another, an action to enforce the forfeiture may be brought against the latter who merely represents his grantor." And further "grantor's heir may avail himself of such covenant upon breach thereof, after his ancestor's death, though he be not expressly named." See also Co. Litt. 201*a* Butler's note (89). So that it appears clear that either the grantor or his heirs could cancel the deed for failure to execute the conditions. After the grantor had brought suit to cancel the deed for a failure to comply with the conditions he could not be defeated on the ground that it was a suit to remove cloud from his title, while it is a fact plaintiffs are out of possession they cannot bring their action of ejectment because their possession is deferred by the life estate, but they may at any time bring their suit to cancel the deeds for failure of grantees to comply with the conditions of their grant. *Wilfong* v. *Johnson*, 41 W. Va. 283, was a case where a sister conveyed a tract of land to her brother who agreed by accepting the deed to support their aged father and mother during their natural lives and that he would bind himself thereto by a written contract after the conveyance should be made. The brother having failed to perform the conditions the sister brought suit; it was held, (syl. pt. 2), "The brother having accepted the conveyance and having been put in possession of the land failed and refused to support his father and mother, but made haste to sell

and convey the land and thereby to render any enforcement of his undertaking ineffectual: *Held,* Sufficient ground to rescind the contract and set aside the deed." In *Goldsmith* v. *Goldsmith,* 46 W. Va. 426 (syl. pt. 2), it is held: "A deed made in consideration of maintenance where there has been a failure to furnish maintenance will be set aside, more especially where it has a clause or forfeiture for such failure." Also equity entertained jurisdiction for the purpose of setting aside a similar deed in the case of *Farnsworth* v. *Noffsinger,* 46 W. Va. 410, and *Pownal* v. *Taylor,* 10 Leigh 172, was a case in which the owner of a tract of land conveyed the same to his nephew in-fee subject to the maintenance and support of the grantor and his sister. The deed contained a covenant by the grantee for such maintenance and support and that the land was to be bound therefor into whose hands soever it might come, but the deed did not state that it was upon condition that such maintenance and support be furnished nor was there any clause providing for a re-entry by the grantor; it was *held*: "The provision for maintenance and support constitutes merely a charge upon the estate which may be enforced in equity, not a condition for breach of which the grantor can re-enter as of his former legal estate." Clearly indicating that had there been a condition for such maintenance and support the grantor would have been entitled to a rescission and re-entry. And in *Lowman* v. *Crawford,* 99 Va. 688, it is held: "If the consideration of a conveyance be the care and support of the grantor for life, the covenant to support and maintain creates a continuing obligation on the part of the grantee, for the breach of which the remedy at law is not complete and adequate. Equity has jurisdiction to annul and set aside the conveyance, and to put the parties in the position they occupied before the conveyance. In the case in judgment the conveyance was not upon a condition subsequent, and there was no clause of re-entry, but it was made in consideration of care and support, and the evidence justified the setting aside of the deed, and the reinstatement of the parties to their former position." This was a case in which there was no condition subsequent, contained in the conveyance nor provision for re-entry of the grantor on failure of grantee to perform, yet the court took jurisdiction in equity to render to the grantor relief which he could not have in a court of law. In case at bar there is a provision that

on failure of grantees to comply with the conditions the deed of conveyance shall be null and void and the land revert back to the grantors with full possesion.

The demurrer should have been overruled. It follows that the decree of the court sustainaing the demurrer and dismissing the bill must be set aside and annulled and the cause remanded for further proceedings to be had therein.

*Reversed.*