# MARY DOSE v. HENRY DOSE AND OTHERS.[1]

July 8, 1927.

No. 26,173.

**Mother's deed to one son in consideration of her support for life canceled for breach of agreement.**

Action to cancel and annul a deed given by a mother and her children to one son; also to recover a certain sum of money paid by the mother to that son, the son as grantee agreeing to support the mother during life and relieve the other children from their legal duty in that respect. It is *held*:

[1] The evidence sustains the findings that the son had failed to carry out his agreement.

[2] The terms of the deed did not give the mother an adequate remedy at law in case of failure to support, and a suit for annulment was proper.

[3] All the parties to the deed were necessary parties to the suit, and the nature of the suit was such that the court could not well annul the deed as between plaintiff and the grantee son without annulling it as to all the grantors.

[4] Neither the answer nor the evidence warranted the court in requiring the payment to the son of money which he claims to have paid to a home for the aged for his mother's support.

Cancelation of Instruments, 9 C. J. p. 1185 n. 98, 99; p. 1227 n. 14; p. 1269 n. 87 New.

Deeds, 18 C. J. p. 450 n. 67.

See note in 43 L.R.A.(N.S.) 916; L. R. A. 1917D, 627; 4 R. C. L 509 et seq.; 1 R. C. L. Supp. 1154; 6 R. C. L. Sup. 256.

Defendants Henry, Ida, Frank, Emma, Herman and Augusta Dose appealed from a judgment of the district court for McLeod county, Tifft, J., annulling a deed providing for the support of the plaintiff. Affirmed.

*Streissguth & Fordyce* and *William O. McNelly,* for appellants.

*F. C. & H. A. Irwin,* for respondent Mary Dose.

[1]Reported in 214 N. W. 769.

HOLT, J.

The appeal is from a judgment annulling a deed containing provisions for the support of plaintiff, one of the grantors, by the grantee.

Plaintiff, the mother and mother-in-law of defendants, owned a life estate in a home in Lester Prairie and an undivided one-third in about two acres nearby. Both tracts contained three acres of land. The remainder was owned by the defendant children. She also owned $1,150 in money or its equivalent. This property was inherited from the deceased husband and father. Plaintiff was 73 years old, crippled and infirm. The son Henry was to furnish support and care for the mother for life and in consideration therefor he was to receive all her personal property and the real estate mentioned; and the deed in question was executed by plaintiff and the other children and their spouses to the son Henry. In the deed the grantee agrees with the grantors to support and maintain plaintiff either upon the premises conveyed or in his own home, at his election, during her life, such support and maintenance to be such as is suitable to persons of her age and station in life, to care for her in sickness and pay all necessary medical attention and nursing, and upon her death to pay the funeral expenses. The grantee also agreed to furnish her spending money to the amount of $25 each year. The deed provided that, if the other grantors furnished what the grantee had agreed to but failed to furnish, a lien therefor might be enforced against the premises [and] this right of lien should terminate one year after plaintiff's death. While plaintiff lived none of the other grantors could bring a suit for the enforcement of the contract except to enforce the collection of money necessarily advanced for plaintiff's support.

The complaint alleged the relationship of the parties as stated, the ownership of the property, the turning over to Henry of the money mentioned and the execution of the deed on November 23, 1923, the mistreatment of plaintiff by Henry, the refusal to pay her the $25 yearly spending money, and the placing her in a home for the aged at Belle Plaine, to all of which the other grantors pro-

tested; and the prayer was for cancelation of the deed and the restoration to plaintiff of the $1,150.

Henry and his wife demurred. Two other sons and their wives also demurred. The demurrers were overruled. None answered except Henry and his wife, the answer being a general denial only.

The court found all the allegations of the complaint true and granted the relief prayed. There was no motion for a new trial. Henry, the other two sons, and the wives appeal. The findings of fact are attacked, especially the one that Henry had failed to carry out the agreement and had mistreated plaintiff. The evidence is conflicting but quite sufficient to sustain the findings made.

The placing of plaintiff in the home for the aged was not in accord with the provisions of the deed. If plaintiff had been satisfied with that arrangement, perhaps the other children could have raised no objection, even though it would appear that they as children might be interested in having their mother in their vicinity and not in a distant county. It does not appear what caused plaintiff to start the lawsuit after she had become an inmate of the home for the aged. In addition to being crippled, the inference from her testimony is that her mental faculties are failing and that on the witness stand she could not plainly express what she wanted to say. She realized that she was not treated right at the home of her son, and wanted to go back to her old home in Lester Prairie; but Henry desired that for his son's home. The trial court's examination of Henry drew forth his attitude towards plaintiff, quite clearly showing that it was unendurable for her to be dependent upon him for care and support. He considered he had completely performed his agreement by placing plaintiff in the institution at Belle Plaine. But we think this was not within the spirit or the letter of the agreement expressed in the deed.

The question of law attempted to be raised by the demurrers and by this appeal from the judgment is that equity will not interpose where there is an adequate remedy at law, the claim being that the deed itself contains provisions for the enforcement of plaintiff's support and maintenance, and therefore a suit for annulment will

not lie. The provisions in regard to enforcement of a lien upon the property conveyed are inserted in the deed for the benefit of the grantors other than plaintiff. Her children are by law responsible for her support, so if any of them, because of Henry's failure to fulfil his agreement, should have to pay therefor such child might sue for a lien on the property conveyed. But none of the grantors, other than plaintiff, could bring any action during her lifetime to enforce the performance of the contract other than to enforce such lien. Excepting plaintiff from the prohibition against bringing suits for performance by the other grantors does not mean that plaintiff is confined to an action at law upon the covenant to support her. Support and maintenance such as may be due from a child to a parent is something which courts cannot well cause to be specifically performed, and when a child breaches an agreement in this respect the most appropriate remedy is as a rule the one to annul and rescind the conveyance executed in consideration for such support and maintenance. These contracts are sui generis. Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608; Sovell v. First Nat. Bank of Ivanhoe, 167 Minn. 384, 209 N. W. 22; Carson v. Carson, 168 Minn. 227, 209 N. W. 507, fully answer the contentions that the complaint did not state a cause of action and that the facts found do not authorize the judgment annulling the deed and restoring to plaintiff her money.

The point is also made that the appellants Frank and Herman, the two sons of plaintiff, also grantors in the deed, acquired the right thereunder to have the grantee therein relieve them from the duty the law places upon them to support their mother; hence, against their objection as manifested by their demurrer, the court could not cancel the deed in toto, or as to them. The answer is: There was but one agreement, to which plaintiff and defendants were all parties. The purpose of the deed was to secure to plaintiff support from Henry only. If the other children were to benefit therefrom it was incidental to the full and complete performance by Henry of the obligation he assumed as grantee. All the parties to the deed were necessary parties to an action to have it annulled.

Disbrow v. Creamery Pkg. Mfg. Co. 104 Minn. 17, 115 N. W. 751; Krost v. Moyer, 166 Minn. 153, 207 N. W. 311. The rights of plaintiff could not be fully restored without annulling the agreement in toto. The deed embodied one agreement between the parties thereto, and when avoided for failure by grantee to perform a condition subsequent it was proper to restore the parties to statu quo, unless intervening equities prevented.

It is also claimed by Henry that a court of equity should have made a condition precedent to cancelation the repayment to Henry of $1,000 paid by him to the Belle Plaine institution. Assuming that he did pay that sum, there is no evidence that plaintiff or any other grantor advised or counseled its payment. The record is silent as to how it came about; or whether or not Henry may have the money returned when his mother ceases to be an inmate of the institution. Moreover, his answer is a general denial, setting up no equities whatever. The facts in this case are not similar to those in Walsh v. Walsh, 144 Minn. 182, 174 N. W. 835, or the cases therein cited.

The judgment is affirmed.