A. W. GAMBLE v. JOSEPH M. MOSLOSKI AND ANOTHER.[1]

January 13, 1933.

No. 29,283.

[1]Reported in 246 N. W. 368.

Leo J. Seifert, for appellant.
Albert R. Allen, for respondents.

STONE, J.

Plaintiff appeals from an order sustaining a general demurrer to his complaint.

The complaint makes it appear that defendant Agnes is the wife of her codefendant, Joseph M. Mosloski, and that the latter is the son of John Mosloski, deceased, of whose estate plaintiff is administrator. Then there is set up and declared upon a deed of a quarter section of Martin county land executed and delivered to defendant Joseph by his parents December 17, 1917, and thus conditioned:

"That whereas the parties of the first part are the father and mother of the party of the second part, it is agreed as a condition of this conveyance that the party of the second part, will, during the lifetime of the parties of the first part, or either of them, pay to them or the one surviving on the 10th day of January of each year, commencing January 10, 1919, the sum of Seven Hundred Dollars, payable at the Martin County National Bank, Fairmont, Minnesota. Further that the party of the second part will pay all taxes assessed against said lands as the same may become due, and in case of failure to make payment of said $700.00 and taxes, the same become a lien against said land and may be enforced by process of law. In case said taxes and yearly payments of $700.00 are paid according to terms of this agreement upon the death of the first

parties hereto, this deed to become absolute and vests full and complete title in party of the second part, his heirs or assigns."

The mother, Kate Mosloski, departed this life in 1924, and the father, the other grantor in the deed, followed her in death in 1932.

The complaint avers also that defendant Joseph took possession of the farm in 1917 and ever since has been in possession thereof, cultivating the same and in receipt of the rents and profits therefrom, but that he has failed to pay the $700 annuity reserved to the father and mother, or the survivor of them, by the deed. The relief wanted is a judgment settling the amount due from defendant Joseph under the deed, establishing a lien therefor upon the land, and decreeing its sale to satisfy the lien.

There is no question of the obligation of the grantee to the grantors, and the survivor of them, under the deed in question. Nor is there doubt that a lien was reserved whereby the grantors or the survivor could have enforced the grantee's obligation. But neither grantors nor survivor resorted to the lien. Nor, apparently, was any other step taken to enforce performance by the grantee, defendant. So the question is: May the administrator of the survivor's estate resort to the lien and so work a forfeiture of defendant's property, for that might be the result. We think not.

Plainly it was the purpose of the deed to secure for the parents from the son an annuity for *their* support, rather than for the benefit, directly or indirectly, of anyone else. It was not the purpose to build up an estate to be passed on to others on the death of the surviving grantee. Yet, should plaintiff prevail, the latter would be the result, contrary to the plain intention of the deed.

We construe the "conditions" of the deed as an agreement, secured by a lien but personal to the grantors, for their support, under the rule of Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608, and Penas v. Cherveny, 135 Minn. 427, 161 N. W. 150, L. R. A. 1917E, 655. See also Roche v. Roche, 286 Ill. 336, 347, 121 N. E. 621, and Chicago T. & T. Co. v. Friedland, 304 Ill. 248, 255, 136 N. E. 720, 723, both holding that the right to have such a deed set aside "on the ground that the contract" of the grantees

(performance of which was in the nature of a condition subsequent) "was purely personal" to the grantor and so "not transferred to her executor, legatees or devisees." Of like effect is Strothers v. Woodcox, 142 Iowa, 648, 121 N. W. 51. That money was reserved rather than money's worth in personal services or provisions or a place of abode can make no difference as long as it is clear that the benefit is intended personally for the grantors rather than generally for them and their heirs and assigns. That issue was not raised in Childs v. Rue, 84 Minn. 323, 87 N. W. 918. There the only material question was one of construction—was a lien reserved by the deed. The court did not consider whether the right to enforce the lien was personal to the grantors. Johnson v. Johnson, 184 Minn. 262, 238 N. W. 483, was prosecuted by an uncle on the contract for support breached by his nephew.

In passing we note, but do not stress, the omission of the complaint to negative release of defendant, in whole or in part, by his parents or the survivor from the obligation of payment imposed upon him by the deed.

Order affirmed.

[1]Reported in 246 N. W. 366.