JOSEPH P. MALICKI v. IGNAC MALICKI AND OTHERS.[1]

May 19, 1933.

No. 29,326.

*Guesmer, Carson & MacGregor* and *Morgan J. Flaherty,* for appellants.

*Hursh & Johnson,* for respondent.

*LORING, Justice.*

This case comes here upon an appeal from an order denying a motion for a new trial made by the defendants Ignac Malicki and

[1]Reported in 248 N. W. 723.

Mary Malicki as administratrix of the estate of Clemens Malicki, deceased. For convenience Ignac and Clemens will hereinafter be referred to as the defendants. The First State Bank of Gilman is not an appellant, the trial court having found in its favor.

The action was brought by the administrator of the estate of Peter Malicki, deceased, to cancel two warranty deeds made by Peter and his wife to their sons Ignac and Clemens, the first of which deeds was made in consideration of the sons' contract to support their parents for life. The trial court found in favor of plaintiff in so far as the action related to the first deed.

July 3, 1914, Peter Malicki and his wife, then aged 67 and 62 years, deeded to these defendants the 162 acres of land in Benton county upon which they were all residing. There were four older children, who had left home. Ignac and Clemens were then 23 and 19 years of age. The life support contract was made in writing and specifically described the land so conveyed and in great detail set out the obligation of the sons in regard to support, specifying the supplies which they should furnish, as well as the amount of money per year which they should contribute. The trial court found that it was the intent of the contract that the sons should continue to reside upon the farm and personally care for and attend upon their parents.

As we view the law, it becomes unnecessary to pass upon the correctness of the court's construction of the contract. The respondent contends that the cause of action, if any, for breach of condition subsequent, which reposed in the parent grantors during their lifetime, survives and is available to their personal representatives, citing Fluharty v. Fluharty, 54 W. Va. 407, 46 S. E. 199, and Portner v. Wilfahrt, 85 Minn. 73, 88 N. W. 418, and attempting to distinguish the recent case of Gamble v. Mosloski, 187 Minn. 640, 246 N. W. 368. In each of the first two cases one of the parents, who were the beneficiaries of the life support contract, survived. This was also the case in Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608. The Gamble case, 187 Minn. 640, 246 N. W. 368, was one in which the personal representatives sought

to enforce and foreclose a lien for the payment of money which the grantee of the land should have paid the grantor for support during life. It was there held that the provision for payment was for a purely personal benefit to the grantor and not for the benefit of his heirs or assigns. We think this is a much stronger case for the defendants than was the Gamble case. Here the alleged breach was of a peculiarly personal obligation obviously beneficial to the grantors alone and not available in kind to their heirs or assigns. We regard the case as controlled by the principles laid down in Gamble v. Mosloski, 187 Minn. 640, 246 N. W. 368. See also Am. L. Inst. Restatement, Property (Tent. Draft No. 4) § 201.

The order appealed from is reversed with directions to amend the conclusions and order for judgment in accordance with views here expressed and that judgment be ordered for the defendants.