## PETER P. KLICK, ADMINISTRATOR OF ESTATE OF LOUIS FEARING, v. OSCAR FEARING.[1]

November 14, 1952.

No. 35,781.

*Frank L. King,* for appellant.
*Joyce S. Lewis,* for respondent.

KNUTSON, JUSTICE.

Appeal from a judgment entered upon findings of fact and conclusions of law of the trial court in favor of defendant.

The facts are not in dispute. On November 23, 1935, Louis Fearing and Lillian Fearing, his wife, who were the owners as joint tenants of a 120-acre tract of land in Todd county which they occupied as their homestead, conveyed the same by warranty deed to defendant, who is their nephew. They had no children of their own. The consideration expressed in the deed is "One Dollar and other valuable

[1]Reported in 55 N. W. (2d) 594.

consideration" and the grantors reserved unto themselves a life estate in the property. The body of the deed contains this additional provision: "Grantee to pay all the taxes hereafter." The deed was recorded in the office of the register of deeds of Todd county on December 4, 1935.

After the conveyance of the land the grantors continued to reside on the farm. Lillian died in 1946 and Louis died on August 23, 1950. About seven years prior to his death, Louis went to a rest home to live, and Ray Dowell, who is married to a niece of decedent and a sister of defendant and who lived on a farm about a mile and a half from the Louis Fearing farm, looked after his uncle's affairs, including the renting of the farm and the collection of the rent. While Louis looked after his own affairs, he continued to pay the taxes after the execution of the deed above mentioned, and, when Dowell began looking after the farm, he paid the taxes out of the income from the farm. It is conceded that defendant did not pay any taxes out of his own funds after the execution of the deed. Subsequent to the death of Louis, plaintiff was appointed special administrator of his estate and thereafter commenced this action for a cancellation of the deed. He was later appointed general administrator, and the complaint was amended so as to substitute him as plaintiff in his capacity as general administrator.

After the trial, the court found in favor of defendant but ordered judgment in favor of plaintiff for $1,005.31, representing the taxes which had been paid subsequent to the execution of the deed, and declared this amount to be a lien upon the land. Judgment was entered, and plaintiff has appealed from such judgment.

It is the contention of plaintiff that he, as administrator of Louis Fearing's estate, is entitled to a rescission or forfeiture of the conveyance because there has been a failure of consideration or because the payment of the taxes by the grantee in the deed constituted a condition subsequent, which has been breached. He also contends that the facts in this case are analogous to cases involving "support agreements," that the covenant by the grantee to pay taxes was

intended to create an annuity for the benefit of the grantor, and that the breach of the covenant entitles him to a forfeiture.

The evidence in this case is very meager, but the court would be warranted in finding that prior to the execution of the deed defendant had performed services for the grantors for which he had not been compensated. The record discloses that the relationship between the grantors and defendant was amicable and that defendant did what he could to assist Louis Fearing during his declining years. The consideration expressed in the deed is one dollar and other valuable consideration. The record fails to show what the "other valuable consideration" was. In any event, it is reasonable to assume that payment of the taxes did not constitute the sole consideration.

Plaintiff relies principally upon Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871. The facts in that case are clearly distinguishable from those now before us. In the cited case, John Hardy and his wife conveyed their 80-acre homestead and assigned their personal property to two of their children upon the sole consideration of an oral agreement that the children would provide the parents with a home on the premises; furnish certain described articles and farm produce during each year of their lives; and care for, provide, and maintain them in sickness, old age, and during the remainder of their lives. The children failed miserably in the performance of their part of the agreement. In affirming the trial court's findings setting aside the deed in an action brought by the surviving widow, we said (118 Minn. 261, 136 N. W. 873) :

"The defendants argued that the court erred in directing a cancelation of the contract and deed, because such relief is too drastic, and in effect that the findings of fact do not support the conclusions of law. We cannot so hold.

"The rules concerning the application of this equitable remedy are quite well settled in this jurisdiction. Before the relief involved therein can be granted, it must appear that the parties have failed to perform their covenants in substantial and material particulars * * *, and that it would not be inequitable to grant the relief

sought. * * * On the other hand, where it appears, as in this case, that there has been such a repudiation of the contract and failure in the performance thereof as to amount practically to a failure of consideration for the deed, the remedy should be applied."

We have frequently held that where owners of property convey it to others, usually children, in consideration of the promise of the grantees to furnish care and support and the incidents thereof, such as a home for the grantors for life, such agreements are regarded differently than ordinary commercial agreements. Priebe v. Sette, 197 Minn. 453, 267 N. W. 376; Dose v. Dose, 172 Minn. 145, 214 N. W. 769; Allen v. Allen, 204 Minn. 395, 283 N. W. 558. The reason usually assigned for this rule is that such contracts, by their very nature, are incapable of specific performance and therefore the most appropriate remedy, when a child breaches such an agreement, is an annulment of the conveyance. Dose v. Dose, *supra,* where we said that such agreements are *sui generis.* See, also, 2 Dunnell, Dig. & Supp. § 2677.

The covenant in the deed we now have before us is not of that type. There is nothing peculiar about the contract, and money damages could easily be computed. Furthermore, the record fails to show that the grantors did not voluntarily pay the taxes. No attempt was made by the grantors during their lifetimes to declare a forfeiture. Nor does it appear that the covenant to pay taxes constituted the sole consideration for the deed. It is elementary that forfeitures of title to land are not favored and that conditions in a deed to real property, a breach of which might work a forfeiture, are strictly construed against the grantor. If doubt arises as to whether a breach of a condition in a deed was intended to work a forfeiture or rescission, it will be resolved in favor of the grantee and the grantor put to his remedy for damages. Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608; 2 Dunnell, Dig. & Supp. § 2675.

Plaintiff also contends that the covenant to pay taxes was in the nature of an annuity to the grantors. Even if this were true, plaintiff, as administrator of Louis Fearing's estate, could not prevail in

this action. In Gamble v. Mosloski, 187 Minn. 640, 246 N. W. 368, a similar deed provided not only that the grantee should pay taxes, but that he should pay a stipulated amount of money to the grantors annually during their lifetimes, and it further provided that the obligation to make such payments would constitute a lien upon the land which could be foreclosed by an appropriate action. We held that the condition was unenforceable by the administrator of the grantor's estate and said (187 Minn. 642, 246 N. W. 368):

"There is no question of the obligation of the grantee to the grantors, and the survivor of them, under the deed in question. Nor is there doubt that a lien was reserved whereby the grantors or the survivor could have enforced the grantee's obligation. But neither grantors nor survivor resorted to the lien. Nor, apparently, was any other step taken to enforce performance by the grantee, defendant. So the question is: May the administrator of the survivor's estate resort to the lien and so work a forfeiture of defendant's property, for that might be the result. We think not.

"Plainly it was the purpose of the deed to secure for the parents from the son an annuity for *their* support, rather than for the benefit, directly or indirectly, of anyone else. It was not the purpose to build up an estate to be passed on to others on the death of the surviving grantee [*sic*]. Yet, should plaintiff prevail, the latter would be the result, contrary to the plain intention of the deed."

In Malicki v. Malicki, 189 Minn. 121, 248 N. W. 723, following the Gamble case, we held that a deed executed in consideration of an agreement to support a grantor for life was unenforceable by the administrator of the grantor's estate. See, also, Moline v. Kotch, 213 Minn. 326, 6 N. W. (2d) 462.

We need not now determine what remedies might be available to the legal representative of a deceased grantor's estate for breach of a covenant or condition such as we have here. The trial court has already ordered judgment against defendant for an amount equal to the taxes he was obliged to pay under the terms of the deed

and has declared such amount a lien upon the land. No appeal has been taken from that decision by defendant.

Affirmed.