BECKMAN and wife, Appellants, vs. BECKMAN and wife, Respondents.

*January 9 — January 30, 1894.*

*Deeds: Consideration: Parol evidence.*

A conveyance of their homestead by parents to their son, and a mortgage back, showed that the only consideration which he agreed in writing to pay was wholly inadequate, and that he had made some kind of an oral agreement as to the balance of the consideration. In an action by the parents for a cancellation of the deed, it is *held* that the true consideration and the time and manner in which it was to be paid might be shown by parol.

APPEAL from the Circuit Court for *Outagamie* County. The defendant *John Beckman, Jr.,* is the son of the plaintiffs. On November 10, 1881, the plaintiffs owned and occupied the forty acres of land described, as a homestead, and their son *John,* who was then about twenty-one years of age, resided with them thereon. On November 10, 1881, the plaintiffs, by warranty deed with full covenants, conveyed said forty acres to the defendant *John.* Said deed recited a consideration of $1,500, and contained the follow-

ing provision: "The right of possession to live on premises aforesaid by said first parties hereby reserved." Said deed was on the same day recorded in the register's office. At the same time the defendant *John* gave back to the plaintiffs a mortgage on said premises in the usual form, reciting, in effect, the consideration of $1,500, purporting to be upon the express condition that if the defendant *John* should pay or cause to be paid said $1,500 as follows: $1,000 to be considered paid at the death of the plaintiffs, and $500 to be paid to the heirs at law of the plaintiffs without interest, according to the condition of one certain note bearing even date therewith, by the defendant *John*,— then the same was to be null and void. In said mortgage the defendant *John* also covenanted and agreed to pay all taxes and assessments of every nature that might be assessed on said premises, and, in case of the failure to pay the $1,500 as mentioned or any taxes so assessed, then that the plaintiffs might enforce payment of the mortgage by grant, bargain, sale, release, and conveyance or otherwise, and out of the moneys arising from the sale pay the principal and interest on said note. Said mortgage was recorded at the time of recording the deed and in the same office.

On August 5, 1891, the plaintiffs commenced this action, and alleged in the complaint the facts stated, and also that the plaintiffs were husband and wife, aged seventy-one years and sixty-six years, respectively; that they were both German, and could neither read, write, speak, or understand the English language; that at the time of making said deed and mortgage there was personal property on said farm, such as stock, farming utensils, etc., of the value of $500; that the land was an improved farm, with house and barn, and the homestead of the plaintiffs, and of the value of $3,000, and all the property of every kind which they possessed; that said papers were so executed and delivered upon an agreement of the defendant *John* that he

would stay on the farm, and work the same in a good and husbandlike manner, and support and care for the plaintiffs, and each of them, during their natural lives, and give them a decent burial; that no other or further consideration whatever was paid or received by the plaintiffs other than said agreement to support; that no note, bond, or other writing, showing any obligation of the defendant *John*, other than said deed and mortgage, was given; that the plaintiffs had no one to advise with, and supposed and believed all papers necessary to secure them in their rights under said verbal agreement were properly drawn; that the defendant *John* married the defendant *Anna* in the latter part of 1883. That the parties all lived together on the premises until the latter part of 1886, when the defendants abandoned said farm without making any provision whatever for the care and support of the plaintiffs, and have never since furnished any care, support, or assistance of any kind to the plaintiffs; that the plaintiffs contributed largely by their work in producing the income from the farm, and received nothing therefrom except a bare living, the defendant *John* taking all the balance of the income; that the plaintiffs had been compelled to pay most of the taxes, and take care of themselves, and were unable longer to do so by reason of their age. The prayer was that said deed and mortgage be rescinded and canceled of record, and the title and possession of the land be adjudged to be vested absolutely in the plaintiffs, with costs.

The defendants answered, and alleged, among other things, that they had paid the plaintiffs about $1,200, which had been used to help pay for the farm and in the purchase of tools, machinery, and live stock, and had received nothing from the plaintiffs therefor; that they had always been ready and willing to perform all the terms, covenants, and conditions of the deed and mortgage, and all the written agreements and verbal understandings had between them

and the plaintiffs, relative to the land and personal property, except so far as the plaintiffs, by their own conduct, had prevented the same; that the plaintiffs had an ill feeling towards said *Anna*, and that it had been impossible to remain in peace on the farm.

At the close of the trial the court granted a motion for a nonsuit, and found as matters of fact that the allegations of the complaint were not sustained by the proof, and as conclusions of law that the defendants were entitled to judgment dismissing the complaint, with costs and disbursements, and ordered judgment accordingly. From the judgment entered accordingly the plaintiffs appeal.

The cause was submitted for the appellants on the brief of *Humphrey Pierce*, and for the respondents on that of *John Bottensek*.

CASSODAY, J. The ages of the plaintiffs, respectively, the fact that neither could read, write, or speak the English language, and the value of the real estate and personal property, as alleged in the complaint, were all proved without objection. It was also proved, without objection, that no note was given with the mortgage; that the agreement between the father and son was not reduced to writing at all, except the deed and mortgage; that the son gave his father nothing further for the deed "than the mortgage and his verbal agreement to support" the plaintiffs; that, since the son had left, the plaintiffs had not had any one on the farm to help them; that neither of the plaintiffs was able to do any work upon the farm; and that they had no other property. The court thereupon excluded all evidence as to whether there was any part of the agreement not reduced to writing, or any other consideration for the deed except an oral agreement to support, or as to what that agreement was, or the actual consideration for the deed, or whether the father was to receive anything

besides the mortgage, or whether the son was to remain upon the farm and support his father and mother during their natural lives and give them a decent burial at their death, or whether the plaintiffs supposed the papers mentioned fully expressed the agreement and consideration for the deed, or that in 1886 the son neglected and refused to furnish any support to the plaintiffs or to observe or carry out such oral agreement. Such parol testimony was excluded on the ground that the whole contract had been reduced to writing, and that such oral evidence tended to contradict, modify, or enlarge the terms of the deed and mortgage, and hence was inadmissible.

The deed and mortgage back, having been executed and delivered at the same time, must be taken together and construed as one instrument in law for the purpose of determining the character of the transaction and the intention of the parties. *Gillmann v. Henry*, 53 Wis. 468; *Herbst v. Lowe*, 65 Wis. 320; *Joy v. St. Louis*, 138 U. S. 38. Being one paper in law, they must either stand or fall together in law. *Morgan v. Loomis*, 78 Wis. 598. By the two instruments, taken together, the plaintiffs in effect conveyed their homestead, of the value of $3,000, to their son, his heirs and assigns forever, by deed reciting a consideration of $1,500, subject to the reservation of the possession of the land for the purpose of living thereon, upon condition that $1,000 of such consideration should be considered paid on their death, and that the other $500, without interest, should be paid to their heirs at law, according to the conditions of a certain note mentioned but never executed. As the heirs at law of the plaintiffs can only be ascertained upon their death, it is obvious that the $500 is not to be paid until after their death. It appears, and is in effect conceded, that no consideration whatever was paid or secured except as mentioned. As indicated, the mortgage states when the $1,000 is to be "*considered* paid," but con-

Beckman and wife vs. Beckman and wife.

tains no agreement to pay the same, and is entirely silent as to the time and manner of making such payment, and is unaccompanied by any written agreement to pay in money, property, support, care, or in any way. Thus it appears that the son obtained $500 worth of personal property, and the conveyance of the homestead of the value of $3,000, without paying any consideration therefor, or agreeing in writing to pay anything therefor, except the $500 as mentioned; and yet it is apparent from the writings executed that the son did make some kind of an agreement, not reduced to writing, respecting the balance of the consideration. In fact it is impliedly admitted in the answer by alleging in effect that the defendants had been ready and willing to perform "all the written agreements and *verbal understandings* . . . relative to said land and personal property, except so far as plaintiffs, by their own conduct, prevented."

The rule is well established that when only a part of an entire agreement is reduced to writing the residue may be proved by extrinsic evidence. *Ballston Spa Bank v. Marine Bank*, 16 Wis. 136; *Jilson v. Gilbert*, 26 Wis. 645; *Nilson v. Morse*, 52 Wis. 240; *Becker v. Knudson, ante*, p. 14. So, where the time and manner of paying the consideration for a conveyance is not expressed, or is only partially expressed in the writings, it is competent to prove the same by parol. *Frey v. Vanderhoof*, 15 Wis. 397; *Hannan v. Oxley*, 23 Wis. 519; *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165; *De Forest v. Holum*, 38 Wis. 516; *Kickland v. Menasha W. W. Co.* 68 Wis. 34; *Green v. Batson*, 71 Wis. 54; *Ludeke v. Sutherland*, 87 Ill. 481. Some of these cases go to the extent of holding that parol evidence is admissible to prove an additional consideration to the one recited in the conveyance, though not inconsistent with it. So it has been repeatedly held that a conveyance, though absolute in form, may nevertheless be shown by parol evidence to be nothing more than a

mortgage or security. We must hold that it was competent to prove by parol the true consideration for the conveyance, and the time and manner in which the same was to be paid. The action seems to be in line with numerous cases in this court, where, as here, the written instruments, taken together, have been held to be a conveyance upon condition resting wholly or partially in parol, and where such conveyance has been set aside for a breach of such condition, and the court has done equity between the parties, especially in favor of aged parents. *Bogie v. Bogie*, 41 Wis. 209; *Bresnahan v. Bresnahan*, 46 Wis. 385; *Blake v. Blake*, 56 Wis. 392; *Delong v. Delong*, 56 Wis. 514; *Divan v. Loomis*, 68 Wis. 150; *Stoel v. Flanders*, 68 Wis. 256; *Hartstein v. Hartstein*, 74 Wis. 1; *Dickson v. Field*, 77 Wis. 439; *Morgan v. Loomis*, 78 Wis. 600.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.