STAPLETON, Appellant, vs. BRANNAN, Respondent.

*January 12 — January 31, 1899.*

*Fraudulent conveyances: Gifts in trust.*

A debtor made a voluntary transfer of all his personalty to his wife, and at the same time a voluntary conveyance to her, through a third person, of all his realty, by a deed stating that the conveyance was made subject to the reasonable and necessary support of such debtor, and that the same was intended to be and remain a lien upon said premises during his life. *Held,* that the two conveyances must be construed together as one act, and were, within the meaning of sec. 2306, Stats. 1898, gifts in trust for the person making the same, and as such were void as against creditors.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

For the appellant there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

For the respondent there was a brief by *William Fleming,* attorney, and *Anthony B. Rogan,* of counsel, and oral argument by *Mr. Fleming.*

CASSODAY, C. J.   This is an action of replevin to recover sixteen cows taken by the defendant, as city marshal, on an execution against the plaintiff's husband, John Stapleton, Sr., issued upon a judgment recovered against him December 4, 1897, for $142.29, in favor of one James C. Ward. The defendant, as such officer, justified under such judgment and execution, and alleged and claimed, in effect, that the cows were the property of the plaintiff's husband, and raised on his farm.   At the close of the trial the court directed a verdict in the usual form in such cases in favor of the defendant, and that he was entitled to a return of the property; that his special interest therein was of the value of $170, and his damages for the taking and withholding thereof six cents.   From the judgment entered thereon accordingly the plaintiff brings this appeal.

It is undisputed that the judgment in favor of Ward was on an indebtedness which had been incurred mostly on and prior to December 29, 1882.   It is conceded that on that day John Stapleton owned a farm of 160 acres of land, subject to a mortgage of $1,800, and a large amount of personal property on the land, including several cows, from which the cows in question descended; that December 30, 1882, John Stapleton and wife conveyed the farm to one Jewett, and that Jewett at the same time conveyed the farm to the plaintiff; that such conveyances were recorded at that time; that each recited a consideration of $7,000, but that no consideration whatever was paid, each being a voluntary conveyance; that the conveyance from Jewett to the plaintiff contained this provision: "This conveyance is made subject to the reasonable and necessary support of one John Stapleton, of the said town of Merton, which is hereby intended to be and remain a lien upon said premises during his life, and which the said party of the second part agrees to fulfill and perform as part of the conditions of this obligation;" that the conveyance from John Stapleton and wife to Jewett contained a

similar provision; that at the time of the execution and deliv-
ery of such conveyances John Stapleton conveyed all his per-
sonal property — being of the value of about $1,200, including
cows from which the cows in question descended — to the
plaintiff by bill of sale or chattel mortgage, reciting a consid-
eration of $1,200, but that there was no consideration there-
for, the same being voluntary; that the plaintiff filed the
chattel mortgage or bill of sale in the town clerk's office as
a chattel mortgage for $1,200, January 3, 1883.

The chattel mortgage or bill of sale and the two deeds
must be taken together, and construed as one instrument,
for the purpose of determining the character of the transac-
tion and the intention of the parties. *Gillmann v. Henry*,
53 Wis. 468; *Severin v. Rueckerick*, 62 Wis. 1; *Herbst v.
Lowe*, 65 Wis. 320; *Winner v. Hoyt*, 66 Wis. 234; *Beckman
v. Beckman*, 86 Wis. 659. Being one paper in law, they
must either stand or fall together at law. *Id.* The sub-
stance of the transaction manifestly was that December 30,
1882, John Stapleton, while indebted to Ward and others,
voluntarily and without any consideration conveyed and
transferred all of his property, both real and personal, to
his wife, the plaintiff, with the reservation or condition
quoted above, to the effect that such conveyances and trans-
fers should be subject to his reasonable and necessary sup-
port, which was thereby intended to be and remain a lien
upon the premises conveyed during his lifetime, and which
the plaintiff thereby agreed to fulfill and perform as a part
of the conditions of such obligation. The question recurs
whether such conveyances and transfers upon such condi-
tions or with such reservations are valid or invalid. The
statute declares that "all deeds of gift, all conveyances, and
all transfers or assignments, verbal or written, of goods,
chattels, or things in action, made in trust for the use of the
person making the same, shall be void as against the credit-
ors, existing or subsequent, of such person." Stats. 1898,

Stapleton vs. Brannan.

sec. 2306. Under this statute, this court has held that, " where an insolvent debtor conveys land as a mere gift, in trust for his own benefit, the conveyance is void as against creditors, whether the grantee does or does not know of the insolvency." *Manseau v. Mueller*, 45 Wis. 430. So it has been held that " a conveyance of land and personal property by a father to his son upon condition that the son give to the parents one half of the buildings and one half of all the crops raised on the land during their lives, and one third of the avails of the land to the survivor of them, that he pay certain sums to his sister and brother after the death of the parents, and that he pay a mortgage upon the land, is held to have created a trust in the property for the maintenance of the parents and the payment of the sums specified, and to have been void, under sec. 2306, R. S. [1878], as against the creditors of the father." *Severin v. Rueckerick*, 62 Wis. 1. So it has been held that " voluntary conveyances by a judgment debtor to a third person of substantially all her property not exempt from execution, upon a trust and benefit reserved to her, are fraudulent as a matter of law." *Faber v. Matz*, 86 Wis. 370. See, also, *Grant v. Lewis*, 14 Wis. 487. Under these adjudications we must hold the conveyances void in law as against creditors.

*By the Court.*— The judgment of the county court of Waukesha county is affirmed.

BARDEEN, J., took no part.