## GEORGE HOPKINS v. HENRY J. O'DONNELL AND ANOTHER.[1]

January 7, 1927.

No. 25,342.

**Conveyance of property in return for life support of owner denied.**

The evidence sustains the finding of the jury that no agreement was made between the plaintiff and the defendants whereby the plaintiff was to convey certain property to them in consideration of their agreement to support him.

Specific Performance, 36 Cyc. p. 784 n. 15 New.

Defendants appealed from an order of the district court for Hennepin county, Waite, J., denying their motion for a new trial. Affirmed.

*Ludwig O. Solem,* for appellants.

*John F. Bernhagen* and *Fredrick P. Warber,* for respondent.

DIBELL, J.

Action of unlawful detainer commenced in the municipal court of Minneapolis and transferred to the district court of Hennepin county upon the coming in of the answer asking equitable relief. The defendants appeal from the order denying their motion for a new trial.

The claim of the defendants is that on April 15, 1924, the plaintiff orally agreed to convey a residence property to them in consideration of their agreement to occupy it and furnish him a home and board during his life, and that they so far performed that they are entitled to specific performance. A question embodying this claim was submitted to the jury which found against the defendants. If the evidence sustains the finding the order should be affirmed.

That the defendants occupied the plaintiff's property is conceded. The testimony of the parties as to the terms of the agreement of

[1]Reported in 211 N. W. 823.

occupancy is directly at variance. There are circumstances which in the view of the trier of fact might be considered as supporting one claim or the other. Defendants sincerely argue that the evidence does not sustain the jury's finding. We cannot hold so. The question was for the jury. The trial court approved its finding. In its discretion the court might have granted a new trial, if it thought the issue was such that it should be passed upon by another jury, but no reason is apparent to us why it should have done so. The finding of the jury should stand.

Order affirmed.