DE ATLEY ET AL., RESPONDENTS, *v.* STREIT ET AL., DEFENDANTS; LIBBY ET AL., APPELLANTS.

(No. 6,230.)

(Submitted January 10, 1928. Decided January 30, 1928.)

[263 Pac. 967.]

*Cancellation of Instruments—Deeds—Transfer of Property by Parent to Child on Promise of Support—Failure of Consideration—Complaint—Equity—Findings—When Controlling—Trial—Offer of Proof—When Properly Rejected.*

Cancellation of Instruments—Deeds—Parent Conveying Property to Children on Promise to Support Grantor—Failure of Consideration—Complaint—Unnecessary Allegations.
1. Where an aged and infirm father transfers all his property to one of his children on the promise of the latter to support and maintain the grantor during the remainder of his life, equity will cancel the deed upon nonperformance of such promise, either on the ground of failure of consideration, breach of a condition sub-

---

1. See 4 Cal. Jur. 785; 4 R. C. L. 509.

[81 Mont. 382.]

sequent, etc., and plaintiff is not required to allege fraud in his complaint or that nonperformance of the promise should work a forfeiture of the grant.

Equity—Findings—When Controlling.

2. ·A finding of the district court in an equity case will not be disturbed on appeal on the ground of insufficiency of the evidence to sustain it, where the evidence was in sharp conflict.

Parent and Child—Transfer of Property to Child on Promise to Support Grantor—Contract not Transferable.

3. An agreement under which a son or daughter of an aged and infirm father contracts, in consideration of the latter's conveyance of all his property, to thereafter care for and support him is personal and cannot be transferred to a stranger without the consent of the parent.

Contracts — Deeds — Parol Testimony Admissible to Show True Consideration.

4. While parol testimony is not admissible to change or vary the terms of a deed, it is always permissible to show what was the true consideration for it, at least when rights of third parties are not involved.

Cancellation of Instruments—Deed to Ranch Property—Breach of Contract to Support Grantor—Defendant not Entitled to Compensation for Work on Ranch—Evidence.

5. In an action for the cancellation of a deed given under the above circumstances (par. 1) the defendant grantee, while perhaps entitled to some compensation for making repairs and improvements upon the property (a ranch) during his occupancy, was not entitled to compensation for his services in carrying on the ordinary work incident to conducting a ranch while in possession; hence testimony as to the reasonable value of such services was inadmissible.

Trial—Offer of Proof Embracing Relevant and Irrelevant Matter—Offer Properly Rejected in Toto.

6. Where a question asked a witness or an offer of proof embraces both relevant and irrelevant matters, the court may reject it as a whole, it not being its duty to separate the admissible from the inadmissible and admit the former and exclude the latter.

[1]   Cancellation of Instruments, 9 C. J., sec. 51, p. 1185, n. 98; sec. 144, p. 1232, n. 80.   Deeds, 18 C. J., sec. 49, p. 169, n. 52, 53, 54, 55.

[2]   Appeal and Error, 4 C. J., sec. 2870, p. 900, n. 98.

[3]   Assignments, 5 C. J., sec. 46, p. 881, n. 25.   Deeds, 18 C. J., sec. 401, p. 370, n. 5.

[4]   Appeal and Error, 4 C. J., sec. 2955, p. 976, n. 92.   Evidence, 22 C. J., sec. 1557, p. 1162, n. 67.   Frauds, Statute of, 27 C. J., sec. 476, p. 384, n. 7.

[5]   Cancellation of Instruments, 9 C. J., sec. 227, p. 1267, n. 68.

[6]   Appeal and Error, 3 C. J., sec. 766, p. 868, n. 94.   Trial, 38 Cyc., p. 1335, n. 37.

2.  See 2 Cal. Jur. 921; 2 R. C. L. 204.

4.  Parol evidence as to consideration for deed, see notes in 20 L. R. A. 101; 68 L. R. A. 928; 25 L. R. A. (n. s.) 1194. See, also, 9 Cal. Jur. 147; 8 R. C. L. 969.

6.  See 24 Cal. Jur. 761; 26 R. C. L. 1032.

*Appeal from District Court, Carbon County; O. F. Goodard, Judge.*

SUIT by Richard De Atley and another against Estella Streit and husband and Katherine Libby and husband. Judgment for plaintiffs and defendants Katherine Libby and husband appeal. Affirmed.

*Mr. C. C. Rowan* and *Mr. F. F. Haynes,* for Appellants, submitted a brief; *Mr. Haynes* argued the cause orally.

*Mr. John G. Skinner* and *Mr. Philip Savaresy,* for Respondnts, submitted a brief; *Mr. Skinner* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an appeal from a judgment and decree entered in he lower court canceling and setting aside a deed executed ·nd delivered to the defendant Estella Streit by the plaintiffs on the second day of June, 1923, conveying to her certain ranch property; and also a deed from the defendant Estella Streit and her husband, George R., dated March 6, 1925, transferring and conveying the same property to the defendant Katherine Libby.

The complaint alleged that the plaintiffs were advanced in years and for a long time prior to the commencement of this action had been infirm in health; that the defendants Estella Streit and Katherine Libby were their daughters and the defendants George R. Streit and J. E. Libby were the husbands, respectively, of said daughters; that on June 2, 1923, the plaintiffs were the owners of the property mentioned in the foregoing deed; that the same consisted of an irrigated farm well equipped to be operated as such, located near Boyd, in Carbon county; that by reason of their advanced age and the infirmity of their health the plaintiffs were desirous of making a disposition of their property and effects so as to secure for themselves support and maintenance during the remainder of their lives, and, in conformity with such desire, on the second day

of June, 1923, conveyed the farm and also the personal property used in connection therewith to the defendant Estella Streit, with the understanding and agreement that she should support, maintain and care for the plaintiffs during their lifetimes and at all times furnish them with proper and sufficient food, clothing, shelter and medical attention, and treat them with reverence, respect and affection, and that said agreement was the only consideration for the conveyance of said premises and personal property to her; that thereafter, about the sixth day of March, 1925, with the knowledge and consent of the plaintiffs and of the defendant Katherine Libby, the said Estella Streit conveyed said premises and personal property to the defendant Katherine Libby with the understanding and agreement on the part of said Katherine Libby that she would, during the lifetimes of the plaintiffs, care for, support and maintain them, and furnish them with proper and sufficient food, clothing and medical attention, and treat them with reverence, respect, affection and devotion, and that the only consideration for said conveyance was the agreement last mentioned. The complaint then alleges that the defendants, in violation of said agreement, had wholly failed to provide the plaintiffs with proper or sufficient food, clothing or medical attention and had not treated the plaintiffs with proper respect, reverence, affection or devotion, and had compelled the plaintiffs to eke out a meager livelihood from their own labor and efforts, and that these acts of the defendants in failing to comply with their agreement were working a great hardship on the plaintiffs and were causing a total absence, failure and lack of consideration for the conveyances of the property as above set out. The plaintiffs further offered in their complaint to refund all payments made or funds advanced by defendants for their benefit and asked for an accounting of the rents, issues and profits of the premises during the time they had been in possession of the defendants.

The defendants filed a general demurrer to the complaint, which was overruled. The defendants Estella Streit and George R. Streit did not answer; the defendants Libby an-

swered, putting in issue the material allegations of the complaint and setting out items of money advanced and expenditures made by them to and for and in behalf of the plaintiffs. They also alleged that, by reason of facts which were stated in their separate defenses, the plaintiffs were estopped from asking for a cancellation of the deeds in question. Issue was joined on the affirmative matters alleged in the answer by plaintiffs' reply thereto.

The case was tried in the court without a jury. The court found the issues in favor of the plaintiffs and by its decree ordered the cancellation of the deeds on the ground that there had been a total failure of consideration therefor. The defendants Katherine Libby and J. E. Libby have appealed from the judgment.

1. It is first contended by defendants that the complaint does [1] not state a cause of action and that the court erred in overruling their objection to the introduction of any evidence made on that ground at the beginning of the trial. This contention is based on the ground that the complaint does not allege either actual or constructive fraud in the procurement of the conveyance of the land to the defendants, or that it was agreed and understood between the parties at the time of the conveyance that a breach of the oral agreement should in any way affect the validity of the deed so as to entitle the plaintiffs to a reconveyance.

Examination of a large number of cases discloses that the courts in this country, with a few exceptions, regard contracts of the character set out in the complaint, entered into between parties who occupy fiduciary relations toward each other, such as husband and wife or parent and child, in which the grantee agrees to furnish maintenance and support to the grantor as the consideration for the conveyance of all or a major portion of his property, as being in a class by themselves. As was said in *Payette* v. *Ferrier*, 20 Wash. 479, 55 Pac. 629, quoting from *Bogie* v. *Bogie*, 41 Wis. 219: "The conveyances of property by aged and infirm people to their children in consideration of promised support and maintenance are somewhat

peculiar in their character and incidents, and must sometimes be dealt with by the court on principles not applicable to ordinary conveyances.''

Quite generally, upon a breach by the grantee of his agreement to support the grantor, the courts afford the latter a relief by way of rescission on various grounds, a common one being stated as a failure of consideration. (*Hegge et al.* v. *Hegge et ux.*, 44 S. D. 555, 184 N. W. 800; *Shepardson* v. *Stevens*, 77 Mich. 256, 43 N. W. 919; *Haataja* v. *Saarenpaa*, 118 Minn. 255, 136 N. W. 871; *Lane* v. *Lane*, 106 Ky. 530, 50 S. W. 857; *Peck* v. *Hoyt*, 39 Conn. 9; *Kusch* v. *Kusch*, 143 Ill. 353, 32 N. E. 267; *Houston* v. *Greiner*, 73 Or. 304, 144 Pac. 135.) The foregoing cases sustain the position of the lower court in setting aside the deeds in question on the ground of failure of consideration; but the same result might have been reached on other grounds, for, as stated in 18 C. J., page 169, section 49: ''Failure of a grantee to perform his promise, in consideration of a transfer of land, to support the grantor may be presented as a ground for relief in behalf of the grantor as evidencing fraud in the transaction, or as constituting a breach of a condition subsequent, or as justifying relief upon the ground of failure of consideration. Courts of equity have a marked tendency, owing to the usual hardship of these cases, to afford the grantor relief, particularly where he is of advanced years and without other means, and frequently proceed upon apparently all of these grounds, without definitely relying upon any one of them.''

Speaking of circumstances analogous to those stated in the complaint in this case, the supreme court of Minnesota, in *Bruer* v. *Bruer*, 109 Minn. 260, 28 L. R. A. (n. s.) 608, 123 N. W. 813, well said: ''Contracts and agreements of the kind are quite familiar to the courts. They are, as a rule, made by people well along in years with a child or other relative, and are intended to secure to the old people proper and suitable support and maintenance during their declining years, at the same time relieving them of the care and responsibility incident to the management of their affairs. They part with their

property in the expectation and belief that their future necessities and comforts are fully provided for, and in an abiding faith that natural affection and filial duty will prompt and secure a faithful discharge of the obligations assumed by the child to whom they convey. There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form or phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for.''

In reference to the contention that the complaint is defective because it does not charge fraud on the part of the defendants in taking the conveyance of the property, it may be said that there are cases which hold that the relief which plaintiffs seek in this action can only be afforded when there is a showing of either fraud, accident or mistake, since these are the grounds upon which equity usually rescinds an executed contract. Amongst these cases is *Schott* v. *Schott,* 168 Cal. 342, 143 Pac. 595, cited and relied on by appellants. But there are many cases to the contrary.

In *Martinez* v. *Martinez,* 57 Colo. 292, 141 Pac. 469, which was an action to set aside a deed given by an aged woman to her nephew in consideration of his agreement to provide for her during her life, after commenting on the fact that the evidence did not warrant a finding that the defendant procured the instrument through fraud, the court said that in such a case it was not necessary that fraud should be either alleged or proved.

The supreme court of Washington, in *Gustin* v. *Crockett,* 51 Wash. 67, 97 Pac. 1091, said: ''This is but the common instance of people who are old and infirm conveying their property to their children, or to others in whom they have trust and confidence, where the consideration for the conveyance is,

in whole or in part, an agreement for future support and maintenance. In such cases courts of equity have never failed to rescind the contract and cancel the deed for a willful violation of the agreement to support and maintain, and they never inquire whether the transaction was fraudulent in its inception or not. The willful and wrongful violation of the agreement is in and of itself ample ground for the rescission.'' This case was followed and approved in *Storey* v. *Gaisford,* 136 Wash. 378, 240 Pac. 9.

Under the foregoing authorities, we are of opinion that the complaint states a cause of action and consequently the court did not err in admitting evidence to sustain its allegations.

2. Defendants' third and fifth specifications of error are that the court erred in overruling their motion to dismiss the action at the conclusion of plaintiffs' case and in entering judgment for the plaintiffs.

Upon two main questions in the case, viz., whether the property in controversy was conveyed and transferred to the [2] defendant Katherine Libby upon an understanding and agreement such as is alleged in the complaint, and whether she and her husband had lived up to that agreement and understanding, the testimony was in sharp conflict. The lower court found in favor of the plaintiffs upon both of these questions. Under such circumstances we are not at liberty to overturn these findings. (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892.)

The testimony showed that defendant Katherine Libby and her husband moved upon the premises in question about the month of February, 1925; that in January, 1926, they leased the same to one Caldwell for a term of five years and removed to Butte, Montana, and since that time had not lived on the premises or occupied the same or given any personal attention whatever to plaintiffs, but that without the knowledge or consent of the plaintiffs they had undertaken to arrange with their tenant and one John Normile, a merchant at Boyd, to care for, support and maintain the plaintiffs, and to furnish them such things as they might request.

The matters argued by counsel under these specifications of error are substantially covered by what was said in disposing of the contention that the complaint does not state a cause of action. Having determined that the complaint does state a cause of action and that its allegations were sustained by plaintiffs' proof, it follows as of course that a decree was properly entered canceling the deeds in question.

There is one material matter which was not involved in or [3] referred to in the discussion concerning the sufficiency of the complaint, which will now be considered. It is very generally held that a contract like that in question is a personal one and cannot be transferred to a third person without the consent of the parent, and that an attempt so to do gives the parent the right to revest the property in himself. The reason for the ruling is obvious. The parent contracts for his support and maintenance by one of his own kin, one who will treat him with the reverence, respect, affection and devotion due to him from one of his own flesh and blood, and not for such mere formal contributions as a stranger would make. The above ruling is announced and many cases are cited in *Thomas v. Thomas,* 24 Or. 251, 33 Pac. 565.

Under these assignments of error counsel for appellants have [4] argued in their brief that the introduction of oral proof of the agreement of the defendants to support and maintain the plaintiffs was not permissible under the statute of frauds (Rev. Codes 1921, sec. 10613). The purpose of introducing the testimony to which reference is made was not to change or vary the terms of the deeds, but only to show what was the actual consideration for them. However, the record discloses that without any objections on that ground the plaintiff Tenney P. De Atley and her witness Mrs. Streit were permitted to testify to all of the circumstances connected with the conveyances of the property to the defendants and the consideration which motivated the execution of the deeds. But aside from these circumstances, the general rule is that parol evidence is always permissible to show the true consideration for a deed,

at least when the rights of third parties are not involved. (*Dubbels* v. *Thompson*, 49 Mont. 550, 143 Pac. 986; *Sunburst Oil & Gas Co.* v. *Neville*, 79 Mont. 550, 257 Pac. 1016; *Horner* v. *Chicago, M. & St. P. R. Co.*, 38 Wis. 165; *Houston* v. *Greiner*, supra; 2 Devlin on Deeds, secs. 822, 830.)

3. While the defendant J. E. Libby was on the witness-stand he testified as to the amount of the expenditures which had been made by himself and wife upon the lands in question and likewise as to the sums which they received from the sale of personal property which they had acquired when they came into possession of the ranch and from the proceeds of the ranch generally. In the course of his examination his counsel asked him this question: "Q. What do you value—what is the reasonable figure which you place upon the value of your services in cleaning up this farm, and the value of your time and your services generally and activities from the time you were on this farm until you went off?" An objection to the question was sustained, whereupon counsel offered to prove: "That the value of his services and the value of his wife's services, codefendants, rendered upon the De Atley ranch, upon the ranch in question, from the time that he entered thereon in February, 1925, to the time he left there in January, 1926, were of the reasonable value of $1,200 over and above board and necessary expenses of living, and included the general repairs and improvements placed by them upon the fences and ground and irrigation lines of said ranch, which have not heretofore been testified to."

The objections to the question and to the offer of proof were properly sustained. The testimony in the case had tended to establish the fact that when the defendants Libby went upon the ranch it was in a run-down condition; that the buildings, fences and irrigation ditches thereon were in a bad state of repair. It might be that, upon an accounting such as was being had, these defendants would be entitled to some compensation for cleaning up the ranch and for the repairs and improvements which they had placed on the fences and irrigation

ditches thereon, but clearly they would not be entitled to compensation for their services performed in carrying on the ordinary work on the ranch, and the value of such services is clearly included in both the question propounded to the witness and the offer of proof made. It is the rule in this state that, [6] where an offer of proof as a whole contains relevant and irrelevant matter, the court may exclude the entire offer, it not being its duty to separate the admissible from the inadmissible evidence. (*Juby* v. *Craddock,* 56 Mont. 556, 185 Pac. 771; *Western Mining Supply Co.* v. *Melzner,* 48 Mont. 174, 136 Pac. 44; *Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70.) The court did not err, therefore, in sustaining the objections to the question propounded to the witness or in sustaining the objection to the offered proof.

The court found that, at the time the defendants Libby took possession of the ranch, there was turned over to them by plaintiffs personal property having a value of approximately $1,000. The evidence showed that this property had been sold by the defendants, and the court further found that the money received from such sale and the income derived from the ranch equaled the disbursements made by the defendants in the transaction involved, and that one offsets the other, and that neither plaintiffs nor defendants were entitled to any money judgment against the other. Except as indicated by the foregoing question and offer of proof, this finding is not challenged, and it must stand.

Upon consideration of the whole case, we are of the opinion that the judgment of the lower court is sustained by the evidence; that none of the defendants' specifications of error are well taken; and for these reasons the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.

Rehearing denied February 14, 1928.