GUST JOHNSON v. AUGUST JOHNSON AND OTHERS.[1]

October 16, 1931.

No. 28,483.

[1]Reported in 238 N. W. 483.

J. N. Peterson, for appellants.

Joyce S. Lewis and Donohue, Quigley & Donohue, for respondent.

OLSEN, J.

Defendants August Johnson and Mae Johnson, his wife, herein-after referred to as the defendants, appeal from an order denying their motion for a new trial.

Plaintiff, Gust Johnson, has died since the action was tried, and the administrator of his estate has been substituted as plaintiff. For convenience we refer in this opinion to Gust Johnson as the plaintiff.

Plaintiff was a man about 74 years of age and a widower. He owned a tract of land of about five acres in the village of Clarissa in this state, with a dwelling house thereon wherein he lived alone. Defendant August Johnson was his nephew and lived with his wife and family on a rented farm near the village. The relations between the two men were friendly. Plaintiff's property was subject to a mortgage for $700, and he was without means to pay the same or adequately to provide for his own support. In the early part of 1928 the proposition was discussed of trading plaintiff's property for a farm for August, and negotiations were had with different owners of farms for such a trade. On or about July 23, 1928, an agreement was arrived at with one Ward, whereby a farm of 100 acres was to be and was conveyed by Ward and wife to August Johnson for a stated consideration of $9,000. Of this consideration $3,300 was paid by the plaintiff conveying his Clarissa property, all the property owned by him, to Ward. The balance of $5,700 was paid by August Johnson and wife borrowing $5,000 on a first mortgage from a bank and paying same to Ward and by giving Ward a second mortgage on the farm for $700. Plaintiff's property so conveyed to Ward was figured of the value of $4,000, less the $700 mortgage thereon, or $3,300 for plaintiff's equity therein. The deal was fully carried out, and August Johnson and wife, in October

following, took possession of and moved onto the farm so purchased and have since remained thereon, and plaintiff deeded his property and surrendered possession thereof to Ward.

■ The court finds that, to induce plaintiff to convey his property to Ward, August Johnson promised and agreed to and with plaintiff that he would support and care for him upon the farm so purchased as a member of defendants' family for the balance of plaintiff's life; that plaintiff relied upon said promise and agreement and received no other consideration for the conveyance. This finding is amply supported by the evidence.

Plaintiff had, prior to the transaction, consented that his property could be exchanged for a farm for August in consideration of support and maintenance for himself. He had come to live with August Johnson and his family in March, 1928, some months before the transaction. After the farm was procured he moved with August and the family onto the farm and lived with them there until in April, 1929. He then left defendants' farm and home and thereafter became a public charge and received support from the township wherein he had settlement.

The defendants allege and claim that they properly supported and cared for the plaintiff as agreed while he was living with them and were at all times able and willing so to do; that plaintiff left their home voluntarily and without cause; and hence there has been no breach by them of the agreement to support and care for plaintiff. The court found against defendants on this issue, and found in substance that defendant August Johnson treated plaintiff unkindly and inconsiderately, called him vile names, and used abusive language towards him so that it became improper and unfit for plaintiff to remain and continue to live with defendants on the farm. The court further found that shortly after he removed from the farm plaintiff offered to return, and that defendant August refused to permit him to return or remain on the farm; that by reason of such treatment and the disposition and feeling which defendants maintain towards plaintiff it is improper and unfit that plaintiff should live upon the farm with them; that defendant Au-

gust has rendered it impossible to carry out the provisions and conditions of his agreement to support and care for plaintiff; and that there has been a substantial breach by defendants of the agreement. These findings are challenged as not sustained by the evidence, and in our view this presents the only important question for review.

The rules governing this court in reviewing findings of fact made by the trial court on the question of whether such findings are sustained by the evidence are well known and need not here be restated. Neither would a recital of the evidence be of material value. We have examined the evidence in the record and find it sufficient to sustain the findings referred to and all decisive findings in the case. The fact that the court could have found differently is not important. Cases frequently present a situation such that the trial court can find either way on disputed evidence. And when the court then makes findings one way and such findings are sustained by evidence given, although disputed, we may not disturb such findings.

Some complaint is made of the court's findings that at the time of the transaction the Ward farm was of the value of $8,000 and plaintiff's property of the value of $3,000, and the finding that the plaintiff's damages were $2,300, being the value of his property less the $700 mortgage thereon. The findings are fairly sustained by the evidence. The court, as noted, found that some nine months after the transaction defendant August refused further to maintain or care for the plaintiff or permit him to remain or be in the home. Plaintiff testified that during the nine months he lived with defendants he performed work for the defendant August of a value greater than the value of his maintenance. In that situation the damages awarded of $2,300, less some small items of money paid to or paid out for plaintiff, are not excessive.

■ Counsel for defendants cites a number of cases wherein it was sought to cancel deeds or conveyances in cases of a similar kind. Here no cancelation of written instruments is sought, but recovery of damages and a lien. In equity, deeds given in such a situation will generally not be canceled if there has been a sub-

stantial part performance of the agreement for support. But that rule, if applicable, does not prevent other relief being granted.

The rule, as announced in our decisions, as to the relief to be granted in cases of this kind, is that the court may grant such relief as the facts will in equity and good conscience justify; that the particular relief to be granted will depend upon the nature and extent of the delinquency and all equities between the parties. Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736; Childs v. Rue, 84 Minn. 323, 87 N. W. 918; Johnson v. Paulson, 103 Minn. 158, 114 N. W. 739; Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608. Here the relief granted was recovery of damages and a lien upon the property acquired by defendants in the transaction, subject to the prior mortgages placed thereon by defendants. The relief granted seems proper.

Order affirmed.

