# SUSAN ALLEN v. ROBERT T. ALLEN AND ANOTHER.[1]

February 3, 1939.

No. 31,794.

*J. A. Coller, II,* and *W. F. Odell,* for appellants.

*H. A. Irwin* and *E. E. Komarek,* for respondent.

[1]Reported in 283 N. W. 558.

396

LORING, JUSTICE.

This is an appeal from an order of the district court for Scott county denying the defendants' motion for amended findings of fact and conclusions of law or for a new trial.

Plaintiff is the mother of the defendant Robert T. Allen. She is the mother-in-law of the defendant Antoinette Allen, Robert's wife. Plaintiff and Robert resided together in the village of Savage, Minnesota, for several years prior to June 5, 1925. Plaintiff at that time was the owner of a note for the sum of $4,086, secured by a mortgage on real property, executed by George Scott. On June 5, 1925, the note and mortgage were assigned by plaintiff to Robert for a consideration, as found by the trial court, that he support and care for the plaintiff during the remainder of her natural life. The defendants claim the assignment was as an outright gift. After the assignment plaintiff and her son continued to reside together as formerly, apparently on good terms. Robert was 28 years of age, and his mother was 69 at the time of the assignment.

The facts show that the relationship between the mother and son was one of confidence and trust. Robert had charge of her business affairs, handling nearly all of her finances and property. For a number of years the two had a joint checking account, which at one time was of considerable size but by the middle of 1930 was only nominal in amount.

On June 16, 1930, plaintiff and Robert were still living together apparently without discord as yet. On that date he married, and thereafter the plaintiff and the two defendants resided together until July 17, 1930, when plaintiff left the home of the defendants and went to live with a daughter. The trial court found this departure was the outgrowth of family discord and friction culminating in physical contact between plaintiff and Robert. At any rate, circumstances were such that plaintiff could not continue to reside with the defendants.

In April, 1931, the assigned note was due, and the mortgagor executed a new note and mortgage to defendant Robert. This latter mortgage was foreclosed in 1935. Robert bought in the mortgaged

property, and there was no redemption. However, during the period of redemption Robert had transferred the sheriff's certificate to a bank as security. The trial court in its decree adequately protected the bank, and for purposes of decision the matter stands the same as though defendants were the owners absolutely.

The court below decreed the plaintiff to be the owner of the property and that the defendants had no title. The defendants appeal on the ground that the evidence does not show an assignment in consideration of support but rather that the transaction was a gift, and that if the promise were made the evidence does not sustain the finding that the defendant Robert had, at the time, no intention to carry it out.

We think the evidence sustains the finding of the lower court that the assignment was not a gift but was executed in consideration of the defendant Robert's promise that he would care for and support the plaintiff during the remainder of her life. The issue upon this point was one in which a fact question was presented. The trial court's finding is supported by evidence sufficient to justify it, and the conclusion must stand. While there is considerable doubt whether there is any evidence showing the assignment was induced by a fraudulent promise, yet we do not believe that to be decisive in the disposition of this case. The finding below was that the defendant Robert failed to perform his duty as undertaken in the contract. Therefore on this appeal we must consider the situation as one wherein the defendant has breached the contract, for the evidence sufficiently establishes the existence of this fact. The single question, then, is: Does this breach justify restoration of the property to the plaintiff?

Contracts to care for and support another are regarded differently from ordinary commercial agreements. Priebe v. Sette, 197 Minn. 453, 267 N. W. 376. Family discord and disruptions, such as we have here, render performance impractical, if not impossible. Equitable powers must of necessity be resorted to in order to remedy the situation resulting from breach. Restoration of the property to the grantor generally has been approved as a proper form of relief. Dose v. Dose, 172 Minn. 145, 148, 214 N. W. 769,

770. "Support and maintenance such as may be due from a child to a parent is something which courts cannot well cause to be specifically performed, and when a child breaches an agreement in this respect the most appropriate remedy is as a rule the one to annul and rescind the conveyance executed in consideration for such support and maintenance." Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871. The relief permitted by these cases is generally allowed elsewhere. See note, 112 A. L. R. 676, and cases. We cannot say the relief granted by the lower court is so drastic in light of all the circumstances as to offend principles of equity, and therefore the order appealed from is affirmed.

Affirmed.