FLORENCE L. DIETZ v. DONALD E. DIETZ AND ANOTHER.[1]

April 15, 1955.

No. 36,442.

*Daniel F. Foley* and *Perry Johnson,* for appellant.

*Arthur T. Nelson, Roy E. Rendahl,* and *Arthur Sund Nelson,* for respondent.

DELL, CHIEF JUSTICE.

Action for an accounting and to recover real estate conveyed to plaintiff and defendant Donald Dietz in joint tenancy in consideration for an oral agreement to support. Said defendant appeals from an order denying his motion for a new trial.

Plaintiff, 69 years old at the time of trial, is the mother of the defendant Donald Dietz (hereinafter referred to as the defendant).

[1]Reported in 70 N. W. (2d) 281.

The trial court found, among others, the following facts: After the death of plaintiff's husband in 1942, the defendant, who had considerable business experience, took charge of plaintiff's assets and acted as her financial advisor. In May 1944 the defendant, who was then unmarried, entered into an oral agreement with the plaintiff to the effect that he would support her for the remainder of her life if she would purchase a certain duplex and have title conveyed to him and plaintiff as joint tenants. In reliance upon this promise, the plaintiff purchased the property and caused it to be conveyed to herself and the defendant as joint tenants. Plaintiff paid $5,200 for the property from her own funds, the balance of the purchase price consisting of a mortgage in the amount of $4,800.

The defendant categorically denied making an oral promise to support the plaintiff and testified that the money used to purchase the property in question was his. Plaintiff and defendant occupied the lower duplex of this property until his marriage to the defendant Virginia Dietz in March 1946. After the marriage the defendant and Virginia made their home with the plaintiff in the lower duplex. A strained relationship developed between plaintiff and Virginia and, according to plaintiff, on one occasion Virginia attempted to strike her with a scrub cloth. The disharmony between the parties was evidenced by several other incidents, including periods of time when plaintiff and Virginia did not speak to each other. Finally plaintiff testified that in March 1950 she asked defendant whether she might have her breakfast and was told that she could not have anything to eat in the house "now or at any time" and further that there was no need for her to stay there to protect her rights and that defendant wanted her to get out. He asked her to leave the living room and when she refused he took her by the arm and shoved and pulled her into the bedroom where he threw her into a chair. Plaintiff's sister substantiated plaintiff's testimony to the effect that the force used by the defendant caused black and blue marks on her arm and shoulder. Plaintiff left the house that day and went to live with her sister. Neither the defendant nor his wife made any attempt to stop her nor thereafter made any inquiries as to her welfare or provisions for her support.

On the basis of the above evidence the court found that the defendant had breached his oral promise to support the plaintiff. An accounting of the equities of the parties, which is not disputed here, was made taking into consideration, among other things, the rents collected by the defendants, the reasonable value of his use of the premises, expenditures incurred by him, and the reasonable value of his services. Judgment was ordered in favor of the plaintiff for $1,651.48 with interest and awarding her possession and title of the premises free of any claim or interest by the defendants.

■ While defendant admits that there is ample evidence to sustain the finding that the money used to purchase the property involved belonged to the plaintiff, he contends that the evidence is not suffi-·cient to support the trial court's conclusions that he orally agreed to support the plaintiff and that he caused her to leave the premises. Both contentions are without merit. The testimony of the plaintiff, particularly when considered with the attendant circumstances, amply supports the finding that the promise to support was made. Defendant's assertion that there is no substantial evidence that plaintiff was ill treated is completely unfounded. To the contrary, the evidence shows that defendant not only failed to care for and support the plaintiff but, according to her testimony, treated her in a most inhuman manner. It would serve no useful purpose here to set out the evidence in detail. The existence of the oral contract and its breach were questions of fact to be resolved by the trial court.[2] The evidence was conflicting, and we can find no basis for upsetting the determination of the trial court.

■ The remainder of defendant's arguments are to the general effect that plaintiff is not entitled to recover since parol evidence cannot be used to establish an express trust, create a condition subsequent, or otherwise vary the terms of a deed. It is clear, as defendant suggests, that, under the provisions of our statute,[3] a purchase-money

---

[2]See, Allen v. Allen, 204 Minn. 395, 283 N. W. 558; Hopkins v. O'Donnell, 169 Minn. 427, 211 N. W. 823; Johnson v. Johnson, 184 Minn. 262, 238 N. W. 483.

[3]M. S. A. 501.07.

resulting trust could not arise in favor of the plaintiff.[4] It is equally well settled that, as a general rule, an express trust in land must be in writing in order to be enforceable.[5] The plaintiff, however, does not contend that she is entitled to relief on either of these theories. Nor is the plaintiff attempting to vary the terms of the deed by creating a condition subsequent. A condition subsequent, as opposed to a conditional limitation or a mere covenant,[6] is sometimes found to have been created where a deed, given in consideration for a promise to support, contains language evidencing the obligation.[7] There is no such language in the deed here. A few courts, notably those of Wisconsin, have treated the agreement to support, whether oral or in writing, as an "equitable condition subsequent," and have implied the condition in the conveyance even though the deed is absolute in form.[8] In such a case the grantor may, upon breach of the condition, exercise his right of re-entry or rescind and have the conveyance cancelled as if the condition had been incorporated in the deed.[9] In Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L.R.A.(N.S.) 608, we approved of the general result reached by the Wisconsin court but held that in the absence of express language in the deed, a condition subsequent could not be implied.[10]

[4]Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110; 6 Dunnell, Dig. & Supp. § 9896. But see Bastian v. Brink, 233 Minn. 25, 29, note 2, 45 N. W. (2d) 712, 714, note 1, for types of equitable relief that have been afforded in such cases.

[5]6 Dunnell, Dig. & Supp. § 8878. But see 3 Bogert, Trusts and Trustees, § 495, *et seq.*, for exceptions that have been made to this general rule.

[6]The distinction between a conditional limitation and a condition subsequent is discussed in Consolidated School Dist. No. 102 v. Walter, 243 Minn. 159, 162, 66 N. W. (2d) 881, 884.

[7]See, *e.g.*, Johnson v. Paulson, 103 Minn. 158, 114 N. W. 739; Minneapolis Threshing Machine Co. v. Hanson, 101 Minn. 260, 112 N. W. 217, 118 A. S. R. 623; Annotation, 76 A. L. R. 742.

[8]Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; Beckman v. Beckman, 86 Wis. 655, 57 N. W. 1117; Cree v. Sherfy, 138 Ind. 354, 37 N. E. 787.

[9]See, Nadler v. Nadler, 242 Wis. 537, 539, 8 N. W. (2d) 306, 307.

[10]The Wisconsin theory has not generally been followed elsewhere. *E.g.*, Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, 101 A. S. R. 243; Lowman v.

The plaintiff's right of recovery, however, is not dependent upon an implied condition subsequent. As the trial court indicated in its memorandum, recovery was allowed on the theory of an "implied or constructive trust." Apparently defendant has misconceived the nature and character of a constructive trust. It is an equitable remedy imposed to prevent unjust enrichment and is completely dissimilar to an express or resulting trust.[11] Because it arises by operation of law rather than being dependent upon the intention of the parties, it is expressly exempted from the statute of frauds.[12] Likewise, it is not affected by M. S. A. 501.01 and 501.07, which abolish certain trusts.[13] We have held that a constructive trust may be imposed where the plaintiff shows "the existence of a fiduciary relation and the abuse by defendant of confidence and trust bestowed under it to plaintiff's harm."[14] It is clear, however, that a fiduciary relationship in a strict sense is not a prerequisite, and any relationship giving rise to justifiable reliance or confidence is sufficient.[15] Not only were the parties here parent and child but the evidence amply supports the conclusion that plaintiff relied upon her son for business advice and counsel. We have previously held that such a relationship is of a confidential nature and fiduciary character.[16]

Crawford, 99 Va. 688, 40 S. E. 17. Since right of re-entry for breach of condition subsequent can be reserved only to the grantor (Fraser, *Future Interests, Uses and Trusts in Minnesota*, 28 M. S. A. pp. 53, 58), the question arises whether even under the broad Wisconsin view the plaintiff, as a grantee, could assert the fiction of a constructive condition subsequent and thereby affect the quality of the estate conveyed.

[11]Restatement, Restitution, § 160, *comments a* and *b.*

[12]M. S. A. 513.04; Whitten v. Wright, 206 Minn. 423, 289 N. W. 509.

[13]M. S. A. 501.06; Knox v. Knox, 222 Minn. 477, 484, 25 N. W. (2d) 225, 229 to 230.

[14]Wilcox v. Nelson, 227 Minn. 545, 550, 35 N .W. (2d) 741, 744.

[15]Knox v. Knox, 222 Minn. 477, 25 N. W. (2d) 225; Jennings and Shapiro, *The Minnesota Law of Constructive Trusts and Analogous Equitable Remedies*, 25 Minn. L. Rev. 667, 688, *et seq.*

[16]Allen v. Allen, 204 Minn. 395, 283 N. W. 558; see, 3 Bogert, Trusts and Trustees, § 482.

It is equally clear that the defendant was unjustly enriched as a result of his abuse of this confidential relationship.[17]

Defendant contends that the testimony of the oral agreement was not admissible because of the statute of frauds.[18] The courts are generally uniform in permitting an oral agreement for support to be proved for the purpose of granting equitable relief.[19] While various theories have been used, the most common one is that parol evidence is admissible to show the true consideration for the deed.[20] Although we have not specifically passed on the question, in several cases where we have granted relief the contract to support has not been in writing.[21] Because of the peculiar nature of agreements for support, we have held that such contracts are *sui generis*, and their breach not to be tolerated "by a refinement upon technical rules and principles of law."[22] Thus in Haataja v. Saarenpaa, 118 Minn. 255, 261, 136 N. W. 871, 873, we said:

[17]See Knox v. Knox, 222 Minn. 477, 483, note 5, 25 N. W. (2d) 225, 229, note 3, distinguishing the case of Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, 26 N. W. 121, which is relied upon by the defendant here, on the ground that in the Tatge case no unjust enrichment was shown.

[18]Since a contract for support is susceptible of performance within a year, M. S. A. 513.01(1) is not applicable. 50 Am. Jur., Support of Persons, § 4. Defendant relies on M. S. A. 513.04 and 513.05 relating to transfers of realty.

[19]See, Chapman v. Warmbrodt, 175 Kan. 125, 259 P. (2d) 158 (reviewing the authorities); Annotation, 112 A. L. R. 670, 695.

[20]See, De Atley v. Streit, 81 Mont. 382, 263 P. 967; Russell v. Robbins, 247 Ill. 510, 93 N. E. 324, 139 A. S. R. 342.

[21]*E.g.*, Allen v. Allen, 204 Minn. 395, 283 N. W. 558 (restoration of property); Johnson v. Johnson, 184 Minn. 262, 238 N. W. 483 (equitable lien imposed); cf. Walsh v. Walsh, 144 Minn. 182, 174 N. W. 835 (relief denied on other grounds). In Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871, the conveyance was made in consideration of an oral agreement to support which agreement was subsequently incorporated into a written lease executed by one of the grantees.

[22]Bruer v. Bruer, 109 Minn. 260, 265, 123 N. W. 813, 814, 28 L.R.A.(N.S.) 608, 610; see, Klick v. Fearing, 238 Minn. 76, 79, 55 N. W. (2d) 594, 595; Walsh v. Walsh, 144 Minn. 182, 185 to 186, 174 N. W. 835, 837; 5 Dunnell, Dig. (3 ed.) § 2677.

"* * * without regard to the form of the agreement, where property is conveyed by voluntary conveyance, with the understanding that the grantee will, by way of consideration therefor, furnish support and maintenance for the grantor during the latter's life, and subsequently the grantee fails substantially to perform such agreement, it should be held that the grantor has received nothing for his land, and that, by cancelation, the parties be restored to their original situation."

Even in some cases where the agreement has been in writing, the contents of the memoranda have not been sufficient to satisfy the requirements of the statute of frauds.[23] Clearly it is unnecessary for these contracts to be in writing in order for equitable relief to be granted for a material and substantial breach.

It is well settled in this state that rescission and cancellation may be decreed in actions brought by the grantor where the grantee fails to furnish the support as agreed in consideration for the conveyance.[24] The instant case, however, appears to be novel in this state in that the relief sought is not by a grantor but by a grantee who supplied the purchase money and caused the property to be placed in joint tenancy. A similar situation was present in the case of Sweeny v. Patton, 134 Va. 117, 123, 113 S. E. 715, 716, where the court concluded:

"* * * It is, however, the claim of equity that for every wrong there is a remedy. It would deny this claim and be a discredit to the law if there were no remedy for the wrong which the evidence in this case discloses. The only adequate relief which can be afforded to this complainant is to transfer to her the property for which she has paid, and thereby, in some measure, give to her the benefits which the defendant was under obligation to provide."

The equities of the instant case are equally apparent. Under the circumstances the trial court was amply justified in restoring the

---

[23]See, e.g., Manemann v. West, 216 Minn. 516, 517, 13 N. W. (2d) 474, 475.

[24]Manemann v. West, 216 Minn. 516, 519, 13 N. W. (2d) 474, 476, and cases cited; see, Annotation, 112 A. L. R. 670; 5 Williston, Contracts (Rev. ed.) § 1456.

property to the plaintiff and awarding her judgment for the amount due her under the accounting.

Affirmed.

MR. JUSTICE MATSON took no part in the consideration or decision of this case.