CASE 62—ACTION FOR RESCISSION—APRIL 29.

# Lane, Etc. v. Lane, Etc.

APPEAL FROM PULASKI CIRCUIT COURT.

1. DEEDS—CONSTRUCTION.—A conveyance to A "and his heirs after him," "to have and to hold unto the party of the second part, his heirs and assigns forever" created a fee simple estate, the word "heirs" being a word of limitation and not of purchase.

2. RESCISSION—FAILURE OF CONSIDERATION.—A conveyance in consideration of the support of the wife of the grantor will be rescinded at the instance of the heirs of the grantor and the beneficiary after the death of the grantor for failure on the part of the grantee to comply with the agreement.

3. SAME—PARTIES.—In such an action the heirs of the grantor are proper parties.

Lane, &c., v. Lane, &c.

O. H. WADDLE for the appellants.

1. The deed from John L. Lane to D. F. Lane conveys only to D. F. Lane a life estate with the remainder to his children, and hence the deed of D. F. Lane to appellees conveys nothing to them except the life estate of D. F. Lane, and therefore upon the death of D. F. Lane his children became the absolute owners of the tract of land.

2. The plaintiffs were entitled to a rescission for failure of consideration—the grantee having failed to comply with the covenant which formed the consideration for the conveyance.

Citations: Genl. Stats., ch. 63, art. 1, sec. 10; Brann v. Elzey, 83 Ky., 440; Tucker v. Tucker, 78 Ky., 503.

MAY & TRIMBLE for the appellees.

1. The deed to Lane conveyed a fee simple—the word "heirs" being a word of limitation. Pritchard v. James, 93 Ky., 306; True v. Nicholls, 2 Duv., 547; Johnson v. Johnson, 2 Met., 331.

2. The appellants being the heirs of Daniel Lane, have no interest in this case if the deed was a fee simple conveyance.

CHIEF JUSTICE HAZELRIGG delivered the opinion of the court.

One John L. Lane, in 1889, conveyed to Daniel Lane a tract of land of some one hundred and thirty acres, in Pulaski county, and this land Daniel and his wife, Polly, in 1893, conveyed to two of their sons, T. F. and A. J. Lane, in consideration solely that these two sons would maintain and support their mother, Polly, during her natural life. Shortly thereafter Daniel died, and this suit was brought by Polly, and the children of Daniel other than T. F. and A. J. Lane, against the latter, to set aside the deed of 1893, on the ground—First, that Daniel had only a life estate in the land, with remainder to all the children of Daniel and Polly; and, second, that T. F. and A. J. Lane had failed and refused to maintain and support the mother, Polly, as required in the deed. The chancellor held the petition bad on demurrer.

As to the first ground of relief in the petition, we entertain no doubt of the correctness of the judgment below.

The conveyance from John L. to Daniel Lane was in fee simple.

The parties to the deed are stated to be "John L. Lane, of the county of Pulaski and State of Kentucky, party of the first part, and Daniel Lane and his heirs after him, party of the second part." And the grantor "does hereby sell and convey to the party of the second part, his heirs and assigns, the following property," etc., "to have and to hold unto the party of the second part, his heirs and assigns, forever."

We regard the word "heirs," in the clause where it first occurs, as a word of limitation merely, denoting the inheritable quality of the estate conveyed, and not the particular persons who were to take the estate. This is the usual meaning of the word, and it is confessed of its meaning in the remaining clause where it occurs.

The second ground relied on for setting aside the deed presents a more troublesome question.

Clearly, if the entire consideration for the conveyance has failed, the chancellor ought to rescind the contract, and put the parties in *statu quo*. Under the averments of the petition, the mother is being supported and maintained by her other children because of the failure and refusal of the defendants to maintain and support her. She is entitled to a rescission of the contract, if what she says be true, and, as the other children who are plaintiffs with her would be interested in the land if the deed is set aside, they are proper parties to the suit. In the respect indicated, the petition, we think, states a good cause of action. Reversed, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.