## Bowles' Admr. v. Harvey.

(Decided November 19, 1920.)

### Appeal from Rockcastle Circuit Court.

1. Cancellation of Instruments—Fraud—Deeds—Support of Grantor.
—In a suit to set aside a deed executed in consideration of the grantor's support, evidence examined and held insufficient to show that the deed was obtained by fraud.

2. Cancellation of Instruments—Deeds—Support of Grantor—Failure of Consideration.—One who conveys his land to another in consideration of support cannot claim a failure of consideration where he alone is responsible for the grantee's failure to carry out the agreement.

L. W. BETHURUM for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On April 25, 1916, D. G. Bowles, in consideration of boarding and waiting on him during the remainder of his life, conveyed to his daughter, Mollie Harvey, a tract of about 127 acres of land located in Rockcastle county. After remaining with his daughter for several months, he brought suit to set aside the conveyance on the ground of fraud and failure of consideration. From a judgment denying the relief prayed for, this appeal is prosecuted.

The evidence shows that the land was worth from $3.00 to $4.00 an acre, and D. G. Bowles' board was worth about $20.00 a month. Bowles testified that his agreement with his daughter was that she was to have the use of the land during his lifetime, in consideration of her boarding him and taking care of him during that time, and that he was drinking when he signed the deed and did not know that the contract which he signed was a deed, but believed it was a contract drawn in accordance with his agreement with his daughter. Though it be true that Bowles was about eighty-three years of age when the deed was executed, his own deposition given several months later shows that he was a man of fine intelligence, and while it may be true that he had been drinking, the weight of the evidence is to the effect that he knew and appreciated exactly what he was doing. Not only was the conveyance read and explained to him at the time,

but he stated to several persons after its execution that he had deeded the land to his daughter, thus showing that he knew that he had executed the deed instead of the contract as claimed by him. In view of these facts, we see no reason to disturb the finding of the chancellor that the deed was not obtained by fraud.

The evidence does not substantiate the charge that there was a failure of consideration. The grantor lived with his daughter for several months. He admitted that she looked after his wants in every way, and took good care of him. He says that he left merely because his daughter and her husband were claiming the land. This they had the right to do as there was no fraud in the execution of the deed. One who conveys his land to another, in consideration of support, cannot claim a failure of consideration where he alone is responsible for the grantee's failure to carry out the agreement.

Judgment affirmed.