### Hatfield, et al. v. Harris.

(Decided February 2, 1923.)

### Appeal from Pike Circuit Court.

1. Deeds—Action to Set Aside—Care and Support.—In an action to set aside a deed on the ground that the grantee therein had not complied with his obligation to care for and support the grantors,

evidence examined and held not to show. that the grantee had violated his contract.

2. Deeds—Consideration—Care and Support—Writ of Possession.— The grantee, in consideration for a deed of conveyance, obligated himself to care for and support the grantors for the rest of their lives, it being contemplated by the parties that the land conveyed should be jointly used and occupied for the purpose of carrying out the agreement. Held that a judgment giving to the grantors control of the land and awarding them a writ of possession is erroneous, in view of the fact that the grantee is willing and has not failed to comply with his contract.

WILLIS STATON and W. G. RIDDELL for appellants.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming on original appeal and reversing on cross appeal.

Appellants, Lewis Hatfield and Surrilda Hatfield, filed this suit in the Pike circuit court to cancel a deed which they had executed and delivered to appellee, Bud Harris. On the trial of the case in the lower court the chancellor dismissed the petition, but adjudged that appellants were the owners of a life estate in the land conveyed, were entitled to its possession and control during their natural lives, and, if appellee should fail to surrender it, directed that a writ of possession might issue. Appellants are complaining because the court did not cancel the deed, and appellee has filed a cross appeal on the ground that the judgment erroneously awards a writ of possession.

Appellants are old and infirm. Appellee, who is their grandson, has little if any property, and the deed from which this litigation arises was executed and delivered in consideration of his agreeing to care for and support appellants for the rest of their lives. There is reserved to appellants in the deed the right to control the land during their lives. The agreement between the parties evidently contemplated that appellee was to reside on the farm with appellants, and that he and Lewis Hatfield were to earn from its cultivation a support for the two families. A few months after appellee had moved to the place a misunderstanding arose between him and his grandfather. Hatfield, as the proof shows, either whipped or threatened to whip two small brothers of appellee, and did in fact order them off the place. Appellee called them back and invited them to stay. There was

some profanity used by Hatfield and Harris in discussing the incident, but apparently no permanent ill-feeling was engendered as further reference was not made to the misunderstanding and Hatfield and his wife continued to reside in the house until several months later, when they voluntarily left and went to the home of their son. The circumstance of this disagreement is relied on for a cancellation of the deed. We do not think it is sufficient to justify such a decree.

Appellants also contend that appellee has not cared for them as contemplated by the contract. This contention relates mainly to the kind of food given appellants and the attention shown Mrs. Hatfield during her illness. The evidence as to this issue of fact is somewhat conflicting, but in our opinion it conduces to show that appellants were given suitable food, and that Mrs. Hatfield was given proper attention and furnished with such delicacies as could be obtained for her during her illness. In this connection it is said that appellee did not call a physician for Mrs. Hatfield. That is true, and the suggestion would carry much weight if it were shown that either of appellants ever requested that a physician be called. But that is not shown. On the contrary it is in proof that neither of them ever made such a request, and it does not appear in fact that Mrs. Hatfield desired a physician or that her illness was so serious at any time as to render the services of one necessary. Besides, Harris said that he would gladly have sent for a physician if either his grandmother or grandfather had wanted one.

Another complaint of appellants is that several times during Harris' occupancy of the house he and his wife went away from home in the evening and did not return until ten or eleven o'clock. These occurrences were evidently rare, and it does not appear that they caused appellants any inconvenience. Other minor complaints are made, but they are too trivial for discussion in this opinion. It is our conclusion that the evidence does not establish the right to a cancellation on behalf of appellants, and the judgment of the lower court as to that phase of the case is proper.

The judgment is erroneous, however, in that, although dismissing the petition, it adjudges that appellants are entitled to the possession and control of the property during their natural lives and directs that a writ of possession may issue in their behalf if appellee should refuse to surrender the possession. This part of the judg-

ment, if literally carried into effect, would result in an abrogation of the contract. While the deed does not provide in terms that appellee shall occupy and jointly use the property with appellants, the construction that the parties placed on it during the few months in which they were carrying out their mutual obligations indicates that it was their purpose and intention that there should be such a joint use; indeed, the obligations of appellee thereunder could not be performed except by a joint occupancy of the farm. Undoubtedly it was the intention of the contracting parties that appellants should have control of the farm, i. e., a reasonable control, consonant with the object of the agreement, such as would afford appellee the opportunity to fulfill his obligation to Hatfield and his wife by cultivating the land and making a living for them and his own family. But the control the parties contemplated was manifestly not an absolute control or such control as the judgment of the court gives, for that judgment, if literally enforced, would enable appellants to dispossess appellee entirely and to defeat the object of the contract. To that extent the judgment is erroneous.

The obligation of Harris under the deed is a continuing obligation, but he is entitled to occupy the house jointly with appellants and to cultivate the farm, subject to a reasonable supervision by appellants, with the view of supporting his family and appellants. It is his duty to care for and support appellants. And the record does not show that he failed to perform his part of the contract so long as appellants remained on the place or that he is unwilling to perform it if appellants will return and make it possible for him to do so. If he should fail in the future, the rights of appellants as to a cancellation of the deed may again be presented to a court and determined.

The judgment is affirmed on the original appeal and reversed on the cross appeal.