## Elswick, et al. v. Elswick.

(Decided June 24, 1927.)

### Appeal from Pike Circuit Court.

1. Deeds.—Where a father conveyed land to son and wife in consideration of their comfortably supporting and providing for him and his wife during their lives, to be entitled to cancellation of deed, he must show that grantees failed to comply with provisions thereof.

2.  Deeds.—Where grantee in deed, in consideration of support, were under no obligation to support grantor except in grantees' home, evidence held not to show that grantees failed or refused to provide for grantor in accordance with their agreement.

3.  Deeds.—Where a deed is executed for consideration of support of grantor by grantees, grantees are held to a strict performance of their part of the contract, but cannot be subjected to unreasonable requirements.

PICKLESIMER & STEELE for appellants.

J. M. BOLLING for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellee conveyed a tract of land to appellants in consideration of their comfortably supporting and providing for him and his wife during their lives. He is the father of Kenis Elswick, and Dixie is the wife of Kenis. The deed was executed in October, 1924, at the time appellee's wife was helpless. It was about two weeks after the conveyance before appellants took possession of the place and before the appellee and his wife took up their abode with them. The wife of appellee died within a few weeks after the deed was executed. The next day after her burial the appellee left the home of appellants and since has refused to return. He instituted this suit to cancel the deed, apparently based upon the belief that there was a failure of consideration. The chancellor granted him the relief sought, but required him to pay certain expenses which appellants had incurred in carrying out their agreement.

Appellee must be able to offer substantial evidence that appellants have failed to comply with the provisions of the deed before he may have a cancellation. If the old man has left the home of appellants because of imaginary wrongs or because he became dissatisfied without any substantial reason for his dissatisfaction, he is without right to have the deed canceled. It appears to us that the cause is largely founded on the belief that appellee might repudiate the contract if he became dissatisfied, but such is not the law. Appellee gave as the reason why he would not remain at the home of appellants, that he was not satisfied. He said:

"I wasn't satisfied, and Dixie did not treat me as she ought to."

He was requested by his counsel to tell the court in his own way how she treated him, and this is what he said:

"A day or two before she died (his wife) I was trying to wait on my wife, and Dixie (wife of appellant Kenis) was helping, and I tried to raise her up and put something under her, and Dixie jerked me just as vicious, and made like she was going to strike me; I turned away and cried, and that is in me yet, and it hurt my feelings, and that is the reason I did not stay."

He further complained that Dixie would "fly up" and had talked mean to him. He illustrated what he meant by stating that he once brought in some coal and put it beside the fire, and she told him not to put it on the hearth; he then asked her for a bucket to put the coal in, and she did not get it for him. It appears that the old man wanted to put the coal on the hearth, and she objected because she did not want the hearth messed up. He makes no complaint whatever against his son. He left the home of appellant and went to North Carolina, where he stayed during the winter after the death of his wife working at odd jobs. His son sent him some money, but finally declined to send him any more and insisted that he should return home. This appellee refused to do.

Appellee introduced a few witnesses to show that Dixie was high tempered, but, on the other hand, her neighbors testified abundantly to her good qualities. They described her as a most amiable woman, who was very kind to the appellee. The proof is abundant that appellants are willing and able to support appellee, and to comply with the conditions of the deed. If he puts it out of their power to render the services contemplated, he cannot hold them responsible for their failure to do so. Where a deed is executed for such a consideration, the grantees are held to a strict performance of their part of the contract, but they cannot be subjected to unreasonable requirements. This record does not show that appellants have either failed or refused to comfortably provide for appellee in accordance with their agreement. Under the facts in this case, they are under no obligation to support him except in the home which they offer to him.

Appellee relies upon the case of Bevins v. Keen, 63 S. W. 428, 23 Ky. Law Rep. 757. The case is not in point.

The court found in that case that the son had mistreated his father and failed to provide for him. Such were the findings in the case of Lane v. Lane, 106 Ky. 530, 50 S. W. 857, 21 Ky. Law Rep. 9, and in the case of Cash v. Cash, 19 Ky. Law Rep. 686, 41 S. W. 579.

This case falls within the rules announced in Brooks v. Richardson, 144 Ky. 102, 137 S. W. 840, and Hatfield v. Harris, 197 Ky. 490, 247 S. W. 729.

In the case of Bowles' Adm'r v. Harvey, 189 Ky. 598, 225 S. W. 367, this court said:

> "One who conveys his land to another, in consideration of support, cannot claim a failure of consideration where he alone is responsible for the grantee's failure to carry out the agreement."

It appears to us that this case falls within the rule announced in the quotation above. The appellee should return to the home of appellants and give them an opportunity to fulfill their duty under the terms of the deed. If they should fail to do so, he would have his remedy, but we are forced to hold that he has given them no opportunity to comply with their part of the agreement. He did not even remain with them one day after the death of his wife. She was in a dying condition when they took her to their home, and her death occurred within about two weeks thereafter.

There is collateral evidence on both sides tending to show on the one side that appellee had thought of marrying again and for that reason wanted to recover his place, and on the other side showing that the appellants had said that the appellee would have to comply with their wishes if he remained with them. This evidence is of no importance in this case.

Judgment is reversed, and cause remanded for judgment dismissing the petition.