## Wireman v. Wireman.

(Decided March 22, 1935.)

H. H. RAMEY and PATRICK & SUBLETT for appellant.

A. H. ADAMS for appellee.

Opinion of the Court by Judge Perry—Reversing.

In 1931, Dan Wireman and wife, Nora Wireman, conveyed a tract of land of some 105 acres in Magoffin county, Ky., to his son, the defendant, David Wireman, for the following consideration expressed in the deed:

> "David Wireman is to take care of me my life time and is to keep me in plenty as long as I live and at my death it falls to him and I am to control this land as long as I live and anything that is on the land. * * *"

In December, 1933, Dan Wireman, the aged father, brought this suit for the purpose of having the deed canceled, upon the ground that his son, the defendant (here the appellee), had failed and refused to provide for or care for plaintiff or to help, stay with, or look after him, in accordance with the terms of the deed or at all, by reason of which he had failed to pay and perform and had broken and violated the consideration and covenants of said deed, for which it was executed, and by reason of which the promised consideration therefor had failed. He further alleged that plaintiff had felt and believed, when executing the deed to the defendant, David Wireman, that he, being his son, and in view of his infirm age, would take care of and provide for him as called for in the deed.

The appellee filed answer and counterclaim, traversing the material allegations of the petition, and affirmatively pleaded that he had at all times been ready and willing to perform and had performed his obligations assumed under the deed. A reply made up the issues.

Evidence was taken by both parties and cause submitted on the record for judgment, when the court found for the defendant and dismissed the petition.

From this judgment, refusing to cancel the deed, the appellant prosecutes this appeal.

The record discloses the following facts: At the time the deed was made, the appellant was over eighty years of age. The appellee, his son, lived on an adjoining place of his own, and, after the deed was made,

moved, with his large family, onto his father's farm, which they for awhile to some extent cultivated.

The parties are people of very limited means, though the farm here conveyed to the son was worth perhaps in the neighborhood of $5,000 and represented the entire estate owned by appellant at this period of his life. It is stated that he had earlier been a large landholder, which land he had practically distributed among the members of his large family and to which they had moved and established separate homes.

It appears that this son, David, had continued to live near his father, and in more or less intimate association with him, at times assisting him about his store, and also on his farm. In such a situation, it was perhaps natural that the father, after becoming enfeebled with the infirmities of advanced age and when broken in body, mind, and fortune, should have turned to his son with a view to effecting an arrangement for partly turning over to him the cultivation of his farm and for securing provision for his own maintenance and care.

Considering the age and surroundings of the appellant and the relationship of the contracting parties, and giving to the terms of the deed a reasonable interpretation and such a one as will carry out the intention of parties, it is fair to say that it was intended by them to provide that, in consideration of the conveyance to the son, he obligated himself to take care of the appellant during his life, rendering to him such service and attention as his age and condition might demand, as well as providing him with such clothing, medicine, and food, or to "keep him in plenty," as he needed, and that it was further within the spirit and meaning of their contract that the son should treat his father with kindness and consideration, and render to him the kindly attentions and considerations so helpful to those of such age as was his father. The fact that the agreement reserved the house and the control of his land for the father's life did not relieve the son of the duties imposed upon him by the obligation he assumed, in consideration of the conveyance to him of the farm at his father's death.

The evidence, it is true, is conflicting as to how the contracting parties respected and discharged their re-

ciprocal duties under this arrangement, but we find that the preponderance of the evidence leans so heavily in favor of the father that we are led to conclude, from a careful consideration of it, that the son, the appellee, cannot be said to have substantially performed his part of the contract. The son complains that he was prevented from discharging his obligations assumed by reason of the father's directing him and his family to quit the place, upon which he had agreed to raise the crops out of which he was to furnish his father the things requested by him. The father denies this claim, that he gave such direction to the son, though he admits that he did direct David's wife to leave the place, but that he did so only because her treatment of him was so unkind as to make his life unbearable.

Also, the evidence adduced most strongly tends to show that the appellee, even while living on his father's place and making some show of working it (in keeping with his agreement), was yet assisted in raising such crops as were produced by help hired and fed by his father, and that he was as much benefited, it would seem, as his father in their joint use of the corn, etc., thus jointly produced. This fact, however, so long as unobjected to by the father, should not be held to prejudice appellee's position, but we regard it as quite a different matter in respect to his failure of duty and his unkind treatment of his father after making this contract with him.

It is undenied that the appellant requested the appellee and his boys to repair a fence, which their cattle had broken down, which request they not only refused to comply with, but made it only an occasion for laughing and jeering at the old man. Again, it is undenied by appellee that he said at this time that he "had taken all off the old man he intended to," and that he threatened to kick him. Such expressed feelings and attitude hardly comport with his promise to take care of the old father as being a part of the consideration he promised to pay for his father's farm. Also, it is shown that he failed to furnish a small amount of corn asked of him by his father, and that during the severe illness of his father, which lasted some eight months, he never manifested any interest or concern as to the old man's condition or need of attention, nor did he visit him during

124

this time more than once. Such lack of care and attention also is hardly a discharge of the service and care, contemplated by the contract, he was to render him, and which was evidently a moving influence and cause inducing the father to execute the conveyance.

In the case of such admitted instances of neglect and mistreatment of the father, we are constrained to conclude that the appellee has failed to render and perform the very things which constituted the consideration of their contract, and by reason of which a failure of consideration, we are of the opinion, has clearly resulted. In contracts of this character, where a party in consideration of a conveyance to him of land assumes to maintain and take care of the grantor, his failure to substantially perform his contract, it is generally held, will authorize its rescission.

Upon the whole case, we are satisfied that the appellant did not receive the care and support contracted for with his son, nor is he properly chargeable with having prevented the son's performance of the contract, for which reason we are of the opinion that the appellant is entitled to have a rescission of his deed as for a failure of consideration. Therefore, we think that the judgment of the chancellor in dismissing appellant's petition and denying him a cancellation of the deed was erroneous, for which reason the judgment is reversed, with direction to enter a judgment in conformity with this opinion.