## Hunt et ux. v. Hunt et ux.

January 28, 1947.

P. B. Stratton for appellants.

E. J. Picklesimer and Sidney Trivette for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was instituted by appellants, James M. Hunt and his wife Sarah J. Hunt, against their son and daughter-in-law, appellees, W. N. Hunt and Sarah E. Hunt, seeking the cancellation of a deed executed and delivered by appellants to appellees on the 27th day of November, 1939. The deed conveyed appellants' home and 75 acres of land in Pike County. The consideration for the execution of the deed was the payment of $300 and the agreement on the part of the grantees to care for and support the grantors for the remainder of their lives. The ground alleged for cancellation is failure of consideration. Appellants now are 87 and 91 years of age, respectively; their son is 66 years of age. The evidence was presented by depositions, and the Chancellor dismissed the petition on the merits of the case. The sole question presented by the appeal is whether the evidence is sufficient to support the Chancellor's decree.

It is agreed that it was the intention of the parties that they should jointly occupy the property, and that appellees should furnish to appellants the necessaries of life. Counsel for appellants asserts in his brief that a part of the $300 cash consideration never was paid. This statement is not supported by the evidence; his client testified that it was paid in full when due. Approximately four years after the deed was executed appellants voluntarily moved from the property in question, and took up their abode with a daughter and son-in-law. They contend that they were justified in this action by reason of the conduct of their daughter-in-law toward them. Both of the appellants testified that their son furnished them with everything they asked of him, and neither complains of their son's conduct toward them. The elderly couple occupied three rooms of the house, whilst appellees and their daughter occupied the remaining two rooms. They ate together (the meals being prepared by the daughter-in-law with food furnished by the son) until the elder Mrs. Hunt refused to con-

tinue with this arrangement, because, she testified, she feared she would be poisoned. As ground for her suspicion in this respect, she testified as follows: ''Well, she (the daughter-in-law) didn't follow speaking to me; before we went into the rooms they would cast it over the table, her and her girl, about people getting mad at one another and his (the son's) wife said if she got mad at any body she would just put a pill in their coffee and get shet of them, and she acted funny towards me and would pass me by, and I allowed she was meaning me.''

The testimony for appellees is to the effect that their daughter, in discussing a husband whipping his wife, made a statement that ''if a man beat her she would put a pill in his coffee.'' The uncontradicted testimony shows that the aged couple continued to eat with appellees for more than a year after the remark was made. The elder Mrs. Hunt additionally testified that her daughter-in-law acted like appellants were not welcome in their home. In support of this conclusion she testified that her daughter-in-law would ''look hard'' at her, and often would close the door between the apartments. All of this testimony was contradicted by witnesses for appellees; and the great weight of the evidence is to the effect that appellees at all times fulfilled their contractual and moral obligations to appellants so long as they were permitted to do so. It is unfortunate that the minds of this aged couple have developed a misconception, as we believe, concerning the attitude of their son and daughter-in-law toward them; but an imaginary complaint is insufficient to justify the Court in setting aside a deed of conveyance. We have carefully read all of the evidence presented to the Chancellor, and are convinced that he correctly dismissed the petition on the merits of the case.

Judgment affirmed.