## Carroll et al. v. Parsons et al.

November 30, 1948.

Counts & Counts, O. F. Duval, and D. V. Kibbey for appellants.

Thomas D. Theobald, Jr., and H. R. Wilhoit for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The principal question involved on this appeal is the cancellation of a deed executed by Jane Parsons, now deceased, and her three daughters, Mandy Parsons, Bertha Holbrook and Sarah Justice, to Robert and Anna Carroll. Mrs. Parsons had a dower interest in the property, the total value of which was $1200.00, and her daughters held the fee subject to her dower. Robert Carroll was a brother of Mrs. Parsons and the deed was executed to him and his wife with the provision that they take care of Mrs. Parsons during her natural life "in keeping with her mode of living by feeding her, clothing her, paying her doctor bills, and such other necessities of life as are necessary, and at the time of her death, to bury her in keeping with her mode of liv-

ing, which shall be in full satisfaction of any and all consideration of the purchase price for the property.'' The Carrolls moved on the home place and Mrs. Parsons made her home with them for two years. She was then taken away from the Carroll home by her daughters, Bertha Holbrook and Sarah Justice, with whom she made her home the remaining two years of her life.

Shortly after Mrs. Parsons left the home of the Carrolls she joined in an action wherein all of her daughters were made parties plaintiff to have set aside the deed to the Carrolls on the ground that they had not fulfilled their contract to care for her. During the trial it developed that Mandy Parsons took the side of the Carrolls, so, when an amended petition was filed after Mrs. Parsons' death, Mandy Parsons was not made a party plaintiff. In the amended petition Bertha Holbrook, Sarah Justice and their husbands asked, in addition to the cancellation of the deed, that they be reimbursed for the care and upkeep of Mrs. Parsons for the last two years of her life and for her burial expenses.

The Carrolls denied that they had breached their agreement with Mrs. Parsons and her children and set forth that they had made improvements amounting to $100 on the property. They pleaded that, in the event the deed should be cancelled, they be adjudged a lien for the improvements and an allowance of $40 per month for 24 months for the care of Mrs. Parsons. The amount claimed by Bertha Holbrook and Sarah Justice and their husbands in the amended petition was $1225.00.

As is usual in such cases, both parties produced evidence by friends and relatives in support of their contentions. Mandy Parsons said she was satisfied with the original agreement and she thought that the Carrolls had furnished her mother with a good home. Some of the neighbors of the Carrolls testified to the same effect. On the other side there is the testimony of Jane Parsons, who was approximately 75 years of age, crippled and in poor health, supported by that of two of her daughters and other parties, to the effect that she was not properly cared for by the Carrolls. This testimony showed that she was not provided with proper food; that she did not have sufficient clothing; and that her bedclothes were filthy and infested with vermin. According

to the testimony for the appellees, complaint was made to the Carrolls, but their treatment of Mrs. Parsons did not improve.

While we are not unmindful of the ruling in the case of Sutton v. Cornwell, 267 Ky. 346, 102 S. W. 2d 25, to the effect that the testimony of bad treatment from parties who hope to profit by the cancellation of a deed such as the one involved in the case at bar should be given little weight, we have reached the conclusion that the special chancellor was warranted in directing a cancellation of the deed. While it is true that Mrs. Parsons was aged and infirm and may have been subject to the influence of the appellees, she was the party primarily involved and there are her statements to the effect that the Carrolls made life unbearable for her. Reasonably strict compliance with a contract such as the one involved herein is required, Wireman v. Wireman, 259 Ky. 120, 81 S. W. 2d 908; and as indicated heretofore we think the special chancellor was warranted in cancelling the deed.

In addition to cancelling the deed the judgment directed that the Carrolls be allowed the sum of $20 a month for 24 months for caring for Mrs. Parsons, $100 for improvements and any amounts they had paid for taxes, which amounts totaled $46.01. They were charged with $23.00 for timber admittedly cut from the land and the sum of $200 for rent for the last two years of Mrs. Parsons' life. The judgment also directed that Charles Holbrook, the husband of Bertha, recover the sum of $64.81 expended by him for Mrs. Parsons' burial expenses, and he was given a first and superior lien on the property for that amount. Bertha Holbrook and Sarah Justice were allowed the sum of $20 per month for twenty-one and a half months and $40 per month for three and a half months for keeping Mrs. Parsons. These parties and the Carrolls were given liens of equal dignity for their respective claims.

We have already indicated that we think the claim of the appellants in support of the deed must fail.

The Carrolls also insist that the appellees should not have been allowed to file an amended petition; that they had no right to recover for the upkeep of their mother in the absence of an express contract; that an

allowance to them was in violation of the substantial rights of their sister, Mandy Parsons; and also that an award of $20 per month for their services was grossly inadequate. We may dispose of the last contention by saying that the amount allowed them per month was the same allowed to the appellees except for the last three and a half months of Mrs. Parsons' life. While it is true that the allowance is small, the estate involved is also a small one, the bulk of which will pratically be consumed by the amounts allowed for Mrs. Parsons' care during the last four years of her life.

In regard to the question raised concerning the rights of Mandy Parsons, we may say she is not complaining of the judgment, and whatever her rights may be they in no way concern or affect the appellants. Likewise, the appellants are not affected by the allowances made to the appellees. We do not think the allowance to the appellants of $20 per month was unreasonably low, and as a matter of fact Bertha Holbrook and Sarah Justice were entitled to two-thirds of the property, subject to their mother's dower interest. This right automatically attached as of the effective date of the cancellation of the deed.

Under the circumstances we think the judgment should be and it is affirmed.