## BOSTIC v. BOSTIC.

Court of Appeals of Kentucky.

Jan. 22, 1954.

60

E. J. Picklesimer, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellee.

DUNCAN, Justice.

The judgment appealed from cancels a deed executed by appellee, Louisa J. Bostic, to her son, the appellant, Henry Bostic.

Appellee, now eighty-three years of age and infirm physically and mentally, executed a deed on September 10, 1945, by which she conveyed to appellant a tract of land in Pike County in consideration of the promise on the part of the grantee to provide support and maintenance for the balance of her life. The circumstances of its execution, the confidential relation of the parties, and the physical and mental condition of the grantor are strongly suggestive of fraud, undue influence, or both. However, the five-year statute of limitations, KRS 413.120, precludes our sustaining the judgment on that ground.

It is established beyond any question that an agreement for future support will constitute a valid consideration for the conveyance of real estate. It is equally well settled that a failure to substantially per-form the agreement on the part of the grantee will authorize rescission of the contract. Wireman v. Wireman, 259 Ky. 120, 81 S.W. 2d 908; Gabbard v. Watkins, 280 Ky. 257, 133 S.W.2d 54.

The evidence discloses that Mrs. Bostic resided with her son for only a few weeks after the execution of the deed. She then moved to the home of her son-in-law, where she has since remained except for short visits to her other children, including appellant. She was not treated kindly by appellant's wife, and her infrequent visits to his home were unpleasant on that account. Appellant admits that he has spent only about $100 for clothing, medicine, and other items of maintenance for his mother, but in itemizing the expenditures, it is apparent that even this figure is grossly exaggerated. We agree with the Chancellor that appellant has failed to perform his agreement and the consideration supporting the conveyance has failed.

Appellant insists that he has at all times been willing and able to perform his part of the agreement and relies upon a number of cases which hold that when the grantor puts it out of the power of the grantee to render the support contemplated, the grantee is not responsible for the failure. In support of his position, he cites Hunt v. Hunt, 303 Ky. 750, 199 S.W.2d 440; Sykes v. Hurd, 195 Ky. 560, 242 S.W. 853; and Hatfield v. Harris, 197 Ky. 490, 247 S.W. 729.

Appellant testified that he and his wife are now separated and a divorce action is pending between them. His daughter is old enough to keep house and do the cooking, and he expresses a present willingness to share his home with his mother and provide her with the necessary support and maintenance. We do not think appellant can bring himself within the rule announced in the cited cases by this belated offer to perform the agreement.

The judgment is affirmed.